NEWYORK,
May, 1812.

HOTCHKISS
v.
LE ROY.

HOTCHKISS *against* LE ROY AND RODGERS.

In an action brought before a justice of the peace, by an *attorney*, to recover a bill of costs in a suit in the court of common pleas, the only evidence of his employment, was that of the attorney of the opposite party, who said, that the plaintiff acted as attorney for the defendant, in that suit. This was held not to be sufficient evidence of the plaintiff's having been employed by the defendant.

Though it may not be requisite to prove the original employment of an attorney, yet some recognition of him by the party, in the progress of the suit, is necessary to be shown, to make him liable for the costs.

IN error, on *certiorari*, from a justice's court.

*Le Roy* and *Rodgers*, who were partners, as attorneys, brought an action against *Hotchkiss*, before the justice, to recover the amount of a bill of costs, in a certain suit commenced by them, for the defendant, in the court of common pleas of *Broome* county. The defendant pleaded *non assumpsit*. The plaintiffs proved, by the attorney for the defendant, in the cause in the court of common pleas, that *Le Roy* and *Rodgers* acted as attorneys for the plaintiff; and that he considered them as such, in the progress of the suit; but there was no other proof that the plaintiffs were employed by *Hotchkiss*. The service of a bill of costs, according to the statute, was proved. It was signed, however, by *Rodgers*, in the name of the plaintiffs, after the dissolution of their partnership. A motion for a nonsuit was made, which was overruled, and the cause submitted to the jury, who found a verdict for the plaintiffs, for the amount of their bill of costs.

*Per Curiam.* There is no evidence whatever that the plaintiffs below were employed by the defendant to prosecute the suit, in which the bill of costs, for which this suit was brought, arose. It is hardly to be presumed, that the suit was commenced and prosecuted without his directions, but some evidence ought to have been offered to the jury, to authorize them to draw such a conclusion. Although it might be difficult, and, perhaps, impossible, in most cases, to prove the original employment, yet some recognition of the attorney in the progress of a suit, may easily be shown, and without some such proof, it would be unjust, and a dangerous precedent, to make a party liable for costs. The verdict of the jury is unsupported by any evidence, and the judgment must be reversed.

Judgment reversed.