Hopkins *v.* Mallard:

## HOPKINS *v.* MALLARD.

A contract with an attorney to attend to a suit in the district court alone, does not authorize him without further authority to take the cause to the supreme court; nor can he recover compensation for services in the supreme court without showing that he was employed to render the service, or was in some way recognized by his client as attorney in the suit.

ERROR, *to Jackson District Court.*

*Sanford* and *Smith,* for the plaintiff in error.    This is an action of assumpsit, brought to recover the price of plaintiff's services as an attorney in a case in this court.

The only point in the case, is, whether the fact of the plaintiff's having been employed as counsel in the case in the district court, was sufficient to authorize him to appear in the supreme court without any other authority.    The district court decided that the plaintiff could not recover for his services in the supreme court unless he could show a special request by defendant for plaintiff to render said services; and decided that the mere fact of having been retained in the district court, furnished no authority to appear, and consequently no request

could be inferred. We contend that where an attorney is re-
tained in a cause in the court below, that he not only has au-
thority to appear in the court above, but that it is his impera-
tive duty to do so. *Dearborn* v. *Dearborn*, 15 Mass., 316;
*Grosvenor* v. *Danforth*, 16 Mass., 74; 1 U. S. Dig., 329,
§§ 89, 90.

Hopkins was liable to Crawford for the services rendered
by him. 2 Phillips, Ev., 70.

The bill of exceptions shows that Hopkins was employed
generally in the district court, and it makes no odds whether
the amount of fees was agreed upon or not.

*S. Hempstead*, for the defendant. The defendant insists
that there is no error in the decision of the court below; as
it clearly appears by the bill of exceptions in this case, that
there was a contract made by the parties that Hopkins, the
plaintiff in error, was to attend to the suit in the district
court for a certain sum. This is the extent of the contract as
proven in the court below. The plaintiff in error seeks to
charge the defendant, Mallard, however, without any promise
or undertaking, with services in the supreme court, for the
reason that he was employed in the district court to attend to
the case there. It is denied that the defendant in error can
be thus charged, as it does not amount on his part to a con-
tract either expressed or implied. Although the plaintiff in
error might have filed a written argument in the supreme
court, and employed Mr. Crawford to attend to the case, yet
there is no evidence whatever that the plaintiff was employed
by the defendant to attend to the suit in the supreme court;
some evidence other than this should have been offered to au-
thorize such a conclusion—some evidence, at least, that the
defendant recognized the plaintiff as his attorney in the pro-
gress of the suit in the supreme court. 9 John., 141.

It is contended that after the plaintiff in error had attended
to the case in the district court, that his duties ceased. If
the bill of exceptions showed that he had been generally re-
tained, it would present a different case, but this was not the

case, for it is obvious that the contract and price stipulated, were for the district court.

In the case of *Dearborn* v. *Dearborn*, referred to by the plaintiff in error, it will be found that the attorney in that case was a practitioner in the inferior and superior courts. There is no such proof in the case at bar ; from the statement it would seem that he had been generally retained. He was sued for negligence.

*Opinion by* GREENE, J.   Hopkins sued Mallory in the district court of Jackson county, in assumpsit, for professional services as attorney at law, in the district and supreme courts. The intervention of a jury was waved by the parties, and the issue submitted to the court, under the plea of non-assumpsit. Verdict and judgment for the defendant.

The bill of exceptions shows that a specific agreement was made by the parties for professional service in the district court, and that the stipulated sum for that service, was paid by the defendant to the plaintiff. The plaintiff's bill of particulars contained a charge of $25, for attending to the same cause in the supreme court.   He proved that he had prepared a written argument, and all necessary papers in the case, and that he had employed James Crawford, Esq., to appear in this court ; but it does not appear by the testimony that there was a special request by the defendant to the plaintiff to attend to the suit ; and no evidence adduced showing that the defendant at any time recognized the plaintiff as his attorney in this court.   In the absence of testimony, showing such request or recognition on the part of the defendant, we can see no error in the decision of the court below.

The plaintiff had been employed for a specific purpose ; he rendered the service and received the pay as per agreement. Having been retained to attend to the suit in a particular court, it cannot be inferred as a necessary sequence, that he was requested to attend to the same suit in the appellate court. Such an inference would often subject parties to great abuse and injustice.   The interest involved in the trial below, is

often of too trivial a nature to justify the expense of bringing the cause to this court, even if attended with the most successful result; and therefore without showing some act distinctly implying a retention of counsel in the supreme court, or authorizing him to take the case up, his charges for service therein should not be recognized.

In the case of *Dearborn* v. *Dearborn*, 15 Mass., 316, referred to by plaintiff's counsel, we see nothing conflicting with the decision of the court below, in this case. In that case the attorney was employed and undertook to collect a debt; it was justly held that he was bound to sue out all process necessary to that object. In the other cases referred to by counsel, the retainer appears to have been of a general, and not, as in this case, of a special character.

The principle involved in the case of *Hotchkiss* v. *Le Roy and Rogers*, 9 John., 142, is particularly applicable to the question before us. Hotchkiss the attorney proved the service; and that he was recognized as the attorney by the opposite party in the suit in which the service was rendered, but gave no evidence that he was employed by Le Roy and Rogers. It was decided, that though hardly to be presumed that the suit was commenced and prosecuted without their consent; but still that evidence ought to have been offered to the jury, to justify them in forming such a conclusion; that some recognition of the attorney in the progress of the suit, might easily be shown; and without such proof it would be unjust, and a dangerous precedent to make a party liable.

Judgment affirmed.