BURGHART & BURGHART *vs.* GARDNER & BURDICK.

An attorney cannot recover of his client, for professional services, without proving a retainer.

Proof of the actual performance of the services is not sufficient.

A promise to pay for such services will not be implied, where there is no proof either of a knowledge, or a recognition, of the services by the party sought to be charged.

A retainer of attorneys, for the purpose of prosecuting a writ of certiorari upon a justice's judgment, will not be presumed from the fact that a bond upon the certiorari, purporting to be signed by the alleged clients, has been duly approved by the proper officer, and filed, and that the justice has made a return to the writ, upon which the cause has been disposed of by the common pleas.

Such a bond will furnish no evidence of a retainer, nor of a recognition of the suit by the parties sought to be charged, unless the execution thereof, by them, be duly proved.

THIS case came before the court upon a writ of error to the Onondaga common pleas. The defendants in error were attorneys, and sued the plaintiffs in error before a justice of the peace, for their services as attorneys, in prosecuting a writ of certiorari for them. The plaintiffs before the justice proved by the Hon. Daniel Pratt, the late first judge of Onondaga county courts, the rendition of the services in the court of common pleas, by the plaintiffs. The papers in the certiorari suit were also produced from the clerk's office, and verified as being the original papers in the suit. One of these papers was the bond purporting to have been signed by the plaintiffs in error; but no evidence was given of the genuineness of the signatures, nor was there any other evidence of the retainer of the plaintiffs by them to prosecute the certiorari. The justice rendered a judgment for the plaintiffs, which was affirmed by the common pleas.

*J. R. Anderson*, for the plaintiffs in error.

*Mr. Ruger*, for the defendants in error.

Burghart *v.* Gardner.

*By the Court,* GRIDLEY, J.   We would be glad to uphold this judgment if we could, without a violation of the rules of evidence.   But we are constrained to say that there is *no legal evidence* of a retainer, and without such evidence it is impossible to sustain the judgment.   (9 *John. Rep.* 142.)   The testimony of Judge Pratt, and the production of the original papers in the cause, only prove the performance of the services by the plaintiffs below.   It is argued on behalf of the defendants in error, that a retainer will be inferred from the beneficial nature of the services; and we are referred to 14 *John. Rep.* 188, and 16 *Id.* 283, in support of that position.   It is enough to say that the principle in question has no application, to a case like this.   Certainly no promise can be implied where there is no proof either of a knowledge, or a recognition, of the services by the party who is to be charged.   It is also insisted, that, upon the doctrine that officers are to be presumed to have done their duty, a retainer may be made out.   (2 *Cowen's Tr.* 403.)   The reasoning to support this position is this : A bond purporting to be signed by the two Burgharts, was approved by the proper officer, and duly filed, and a return of the justice, made thereafter, upon which the cause was disposed of by the court.   Hence it is contended that unless the bond were *genuine* these proceedings would be irregular, and that no such proposition can be entertained without disregarding the rule in favor of the regularity of official acts, and therefore that there is *prima facie* evidence of the genuineness of those signatures; from which a retainer might properly be inferred.   Here again, an undisputed rule of law is misapplied.   These officers are indeed presumed to have done their duty ; and the regularity of the proceedings in that cause will be presumed in every stage of the cause, till the contrary be shown.   But it was no part of the duty of the officer who approved of the bond to inquire into, or to pass upon its genuineness.   Nor did the act of the justice, in making his return to the writ, presuppose an examination of, or decision upon, the genuineness of the hand-writing of the principals upon the bond.

It is to be remarked that the Burgharts are, so far, strangers

to the entire proceeding ; no proof having in the slightest degree connected them with it. And the immediate question is, whether there is any evidence of the execution of the certiorari bond by them, in order that, that fact being established, it may become the foundation of a presumption that they retained the attorneys to prosecute the writ. To test this principle, therefore, we will suppose the question to arise in a suit on the bond itself, brought by the defendant in the certiorari ; could it be maintained that the facts relied on here, would be any evidence of the execution of the bond ? Clearly not ; and yet *that* is the very question to be decided in this cause. And unless there be sufficient proof to establish the execution of the bond, as against the supposed makers of it, then there is no evidence of a retainer, or even of a recognition of the suit. The genuineness of the signatures is first to be made out, as an *independent fact ;* from which to infer an employment of the attorneys who conducted the suit. We repeat that there is no legitimate evidence of a retainer, and for that reason, the judgment must be reversed.

