The State v. Bodekee.

THE STATE v. BODEKEE.

1. Evidence: LEADING QUESTIONS. In the exercise of a sound discretion leading questions may be permitted by the court, and unless it appears that such discretion has been abused, the action of the court below will not be disturbed on appeal.

2. Criminal law: REASONABLE DOUBT. The doubt which will authorize acquittal in a criminal prosecution should be natural and substantial, not forced or fanciful, and if the evidence fairly and fully convinces the understanding of the jurors of the guilt of the accused, it will authorize conviction.

The State v. Bodekee.

*Appeal from Bremer District Court.*

THURSDAY, JULY 25.

DEFENDANT was convicted of the crime of establishing and continuing a public nuisance, in maintaining a place for selling, and keeping with intent to sell, intoxicating liquors, and fined in the sum of $100. He appeals to this court.

*G. C. Wright* for the appellant.

*M. E. Cutts*, attorney-general, for the State.

BECK, Ch. J.—I. The objections made by defendant's counsel to the judgment in this case may be briefly dis-

1. EVIDENCE: leading questions. posed of. Evidence was introduced tending to show the sale by defendant of certain bitters. The witness testifying to the fact was asked the following question: "How do these bitters answer the purpose, and compare in effect with the purposes for which whisky is generally used, and for which you used it, and the effects produced by drinking of the article commonly called whisky?" The question was objected to on the ground that it is leading, and the objection is renewed in this court. In the first place, as we understand the question, it is not in fact leading. In the second place, it is proper, under certain circumstances, for the court to permit leading questions to be asked. The absence of such circumstances the record fails to show. We cannot exercise a presumption as to their absence against the correctness of the court's ruling. When leading questions may be asked is a matter resting in the sound discretion of the court, which cannot be assigned for error, unless it be shown that such discretion was abused. 1 Greenl. Ev., § 435.

II. The court gave the usual instruction, that if the jury were satisfied, beyond a reasonable doubt, of the guilt of **2. CRIMINAL LAW: reasonable doubt.** the accused as charged in the indictment, they should find him guilty. They were told that a doubt which would authorize an acquittal should be actual, substantial, rational and conscientious, and not artificial and forced, and that proof is sufficient to require conviction " if it establishes guilt to a moral certainty, such a certainty as fairly and fully convinces the understanding of the jurors." These instructions are assigned for error. We discover no well-founded objection to them. They clearly express familiar rules of law. Other instructions are objected to in general terms, but the grounds of objection are not given. We think they are correct.

III. It is urged that the evidence does not support the verdict. We think otherwise. The defendant's guilt was satisfactorily proved. We find no error in the record; the judgment must, therefore, be

Affirmed.