## SHELTON v. JOHNSON.

**Contract:** WHEN IMPLIED BY CONDUCT OF PARTIES: SERVICES. A physician who is called to a consultation by an attending physician for his own benefit, in accordance with an agreement between the latter and his employer that the attending physician shall pay the expense of the consultation, can recover for his services from the employer under an implied contract, notwithstanding the agreement.

### *Appeal from Davis Circuit Court.*

### FRIDAY, DECEMBER 11.

PLAINTIFF commenced an action before a justice of the peace, alleging in his petition that, during the year 1871, he was a practicing physician, and as such was called by Dr. Wm. McK. Findley, another practicing physician who was at the time treating defendant and his family, who were sick, to assist him in treating defendant and family, as a consulting physician. That plaintiff rendered services which were reasonably worth the sum of $42.50. That plaintiff was called by Findley with the knowledge and consent of defendant. That plaintiff rendered said service with the knowledge and consent of defendant, who received and retained the benefit of said services without objection. Incorporated into the petition is an account for five visits and consultations, amounting to $42.50. The answer is,

*First.* A general denial.

*Second.* "That, at the date of plaintiff's account, defendant and several members of his family were, and had been, sick with fever, and two of the family had died; and that up to the date first stated in plaintiff's claim, Dr. Wm. McK. Findley was treating as physician, the sick of defendant's family, including defendant; and defendant says there was an unusual interest and excitement among the persons visiting and nursing at defendant's house in reference to said Findley's treatment; so much so that said Findley proposed to bring another physician at Findley's expense, to visit and

counsel as to said sick persons. And defendant says that at that time it was expressly stated by Findley that another physician could do no more than Findley was doing, and that Findley simply asked defendant's permission to bring Dr. Shelton to defendant's house for Findley's benefit, and at Findley's cost. And defendant says that he did not authorize said Findley to employ said Shelton to treat defendant or any of his family, nor to visit or to consult in reference to them, or any of them, but only assented to allow said Findley, as a matter of courtesy, to bring said Shelton there for Findley's benefit and at Findley's cost. And defendant says that all that said Shelton did was done under said license for said Findley, and not as the employe of defendant.

Defendant further says that he does not affirm that said Shelton knew of the facts above stated, but for the purpose of this answer he admits that Findley called on Shelton to go as a consulting physician to defendant's, and told him that defendant had authorized him to bring plaintiff; and that, while plaintiff was rendering the services, he did not know that defendant was not liable to pay him. But defendant also affirms that he, defendant, at the time plaintiff visited his family, fully believed that said plaintiff understood that he was rendering said services at Findley's expense, and not with a view of charging defendant."

A demurrer to all of the answer, except the first count, was sustained. The defendant refusing to answer further, the justice heard the testimony and rendered judgment for plaintiff for $42.50.

The cause, by writ of error, was removed to the Circuit Court, where the judgment of the justice was affirmed. Defendant appeals.

*Jones & Moore*, for appellant.

*Traverse & Eichelberger*, for appellee.

DAY, J.—Appellant claims that Findley was a special agent of defendant, authorized simply to call plaintiff to a consultation for Findley's benefit, and at his expense, and that plain-

tiff, in dealing with Findley, was bound to ascertain the scope and extent of the agency. Upon this principle appellant mainly relies for a reversal of the case. It seems to us, however, that the doctrines of agency are not applicable to the transaction, but that it is governed by other and distinct legal principles.

Where a party, knowingly and without objection, permits another to render service for him of any kind whatever, the law implies a promise to pay what the same is reasonably worth. If plaintiff had been called to visit defendant, by one having no pretext of agency or authority to do so, and defendant had, without objection, received the services of plaintiff, the law would imply a contract to pay for them. If this is the rule where no authority whatever is conferred, why is it not also the rule where a limited authority, such as that set out in the answer, is conferred? The answer admits that Findley was authorized to call plaintiff to defendant's residence for the purpose of a consultation. It alleges that the consultation was for the benefit of Findley, the attending physician, and was to be at his expense. It admits, also, that plaintiff did not know of this arrangement between defendant and Findley. The understanding between defendant and his attendant physician introduced into the transaction an element unusual and exceptional, viz.: that the consultation should be for the benefit, not of the invalid, but of the physician. And, as a consequence of this agreement, the promise, which the law implies, is shifted from the defendant to his physician. Now, as the effect of this agreement is to produce results unusual in their nature, the plaintiff ought not, in justice, to be bound by it, unless he had a knowledge of it.

The answer admits that Findley called on Shelton to go as a consulting physician to defendant's, and told him that defendant had authorized him to bring plaintiff, and that while plaintiff was rendering the services he did not know that defendant was not liable to pay him.

The plaintiff, then, had a right to suppose that the service which he was called upon to render was to be rendered in the usual manner, for the benefit of the defendant and his family,

Shelton v. Johnson.

and that the usual implication of law would arise, viz: a promise upon the part of the party for whose benefit the service was rendered to pay for it. If the defendant did not intend that the service should be rendered in the usual way, and should be attended with the usual presumptions, it was his duty to inform plaintiff of the circumstances which made the transaction exceptional in its nature. The case of *McCrary v. Ruddick*, 33 Iowa, 521, is an authority directly in point in support of these views.

Appellant claims that that case is distinguishable from this, in that in this case the answer alleges that what plaintiff did was done for the benefit of Findley, and not as the employe of defendant. But the specific facts, admitted and alleged in the answer, show that, as between defendant and plaintiff, as matter of law, the service was rendered for defendant; or, in other words, that the conduct of the defendant estops him to deny that the service was rendered for him. Taken in connection with the whole answer, the allegation that what Shelton did was done for Findley is the statement of a legal conclusion rather than the averment of a distinct fact. As a legal conclusion it is erroneous, and it is not admitted by the demurrer.

Appellant claims, however, that plaintiff seeks to recover upon an express agreement, and not upon an implied promise. No such conclusion is warranted from the petition.

There was no error in sustaining the demurrer, and the judgment of the Circuit Court is

AFFIRMED.