HALL v. THE FARMERS' & CITIZENS' SAVINGS BANK OF CLINTON.

1. **Evidence:** LEADING QUESTIONS: DISCRETION OF COURT. A trial court possesses considerable discretion in the allowance of leading questions to a witness.

2. **Interest:** PLEADING. In an action on a claim due on demand, where no date of demand is alleged, interest can only be recovered from the date of the commencement of the action.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, APRIL 6.

ACTION to recover an alleged balance of a deposit account. The plaintiff avers that on the 9th day of January, 1879, there was due her from the defendant the sum of $490, which the defendant refuses to pay. The defendant denies

such indebtedness and avers that there is due the plaintiff only the sum of $5.48, and that that sum is not yet payable, under the rules and custom of the bank, because it has not been properly demanded by plaintiff upon presentation by her of her bank book. There was a trial by jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Aylett R. Cotton*, for appellant.

*W. C. Grohe* and *L. A. Ellis*, for appellee.

ADAMS, CH. J.—The account between the plaintiff and defendant was entered by the defendant in a bank book, or pass book, such as is usually held by bank depositors. The entries were made by the cashier of the bank in the presence of the plaintiff, or her agent, and the book was given to the plaintiff as her vouchers. According to the entries thus made in the book, the amount due the plaintiff was the amount which she claimed. But upon one occasion the plaintiff left the book with the defendant for a short time, for the purpose of having the interest computed. While the defendant had the plaintiff's book in its possession, the defendant's cashier thought he discovered a mistake. It appeared to him that an item of $245.00 had been wrongly entered as a credit to the plaintiff, and that the same should have been entered as a charge. He accordingly erased the item as it stood upon the credit side of the plaintiff's account, and made an entry of it upon the debit side. He then returned the book to the plaintiff, who, upon discovering the alteration, promptly objected to the same, insisting that the book was correct before the alteration was made.

I. Upon the trial the plaintiff's husband, N. T. Hall, was examined as a witness in her behalf. A question was asked him in these words: "State, then, whether your knowledge in respect to making a deposit or receiving money from the bank is derived from the

1. EVIDENCE: leading questions: discretion of court.

fact that you examined the book at the time of such transaction to see that it was correctly entered therein." To this question the defendant objected upon the ground that it was leading. But the objection was overruled and the witness answered: " It is." The overruling of the defendant's objection is assigned as error.

It is not to be denied that the question is somewhat leading. But the trial court is allowed considerable discretion in a matter of this kind, and, although we might think that the question might more properly have been excluded, yet without a clearer showing of prejudice than we are able to discover in this case we should not feel justified in making the error, if any, a ground of reversal.

II. The defendant assigns as error that the court in its charge did not properly state the issues to the jury.

The court charged the jury that " if the preponderance of the evidence in the case shows that credit was given the plaintiff for money deposited, when instead thereof there should have been a charge for money drawn out of the bank, then the plaintiff will not be entitled to recover, and your verdict should be for the defendant. But if such mistake is not established by the weight of the evidence, then the presumption in favor of the plaintiff's bank book before the alleged alterations must prevail, and your verdict should be for the plaintiff for $490.00, with six per cent interest."

The court thus charged the jury upon the theory that if no mistake was made in the credit to plaintiff of the $245, then she was not only entitled to that credit, but the charge of $245 was wrongful, which together would make a difference of $490. Now the defendant claims that the question of the deposit of the $245 as shown by the credit was a distinct issue, and not necessarily dependent upon the correctness of the debit entry of $245. But we have to say that while it is true that the defendant in its answer denied the making of the deposit, yet in the same sentence the defendant says " that instead of the plaintiff having deposited the sum of

$245 in said bank in the month of August, 1878, the plaintiff drew and caused to be drawn, on the 19th day of August, 1878, the sum of $245, but by mistake the same was entered in the plaintiff's bank-book in the first instance as a credit and as a deposit instead of as an amount drawn from the bank, and subsequently the mistake was corrected." The cashier was introduced as a witness by the defendant, and testified to such mistake. The case, it appears to us, was tried purely upon that theory. Such theory being consistent with the defendant's answer, as we construe it, we think the court did not err.

III. The defendant asked the court to give an instruction in these words: "The bank-book, so called, of the plaintiff, which has been introduced in evidence, and the entries written therein, do not possess the force of a written contract." This instruction the court refused to give, and the refusal is assigned as error. Whether the instruction might properly have been given we do not feel called upon to determine. The plaintiff insists very strenuously that it could not. The credit entries upon their face appear to be in the nature of a receipt. If the book is to be deemed to have the force of a contract, it is by reason of certain rules to which all depositors were required to subscribe. The theory of the court below must have been that the book did not have the force of a contract. Whether the defendant was entitled to an express instruction to that effect is the question to be determined.

The court had allowed evidence to be introduced both by way of impeaching and by way of sustaining the book. The parties went to the jury upon such evidence. The court instructed the jury in substance that the legal presumption is that the entries in the book were correct as they existed before the alterations therein by the defendant, that the burden was upon the defendant to establish the alleged mistake; that if the defendant succeeded in establishing it by a preponderance of evidence the plaintiff could not recover. The case having thus been tried and presented to the jury upon the

theory that the book could be impeached, we do not think that the defendant has any ground of complaint.

IV. The court instructed the jury that in case they found for the plaintiff they might allow interest at six per cent 2. INTEREST: from January 9, 1879. Interest was thus allowed, pleading. and the defendant assigns the giving of the instruction as error. The petition does not show any contract to pay interest, nor do we infer from the argument of her counsel that she bases her claim upon that ground. Her claim appears to be based upon the ground that she was entitled to interest from the time she had a cause of action, which was from the time of the refusal to pay the $490 claimed, which refusal was evinced by the alteration of the book so as to show no part of the $490 due. But the petition does not aver when such refusal was made; it merely avers that the defendant refuses to pay. In the absence of an averment that the refusal was made sometime prior to the commencement of the action, her claim to interest by reason of the refusal cannot be sustained except from the commencement of the action, to-wit: February 20, 1879.

V. The defendant insists that the undisputed evidence shows that the plaintiff did not make the alleged deposit of $245, but instead thereof that amount was drawn out of the bank. It may be conceded that there was evidence tending to show that no such deposit was made. It may be conceded also that the evidence, aside from the book, tending to show that such deposit was made is exceedingly meager and unsatisfactory, if indeed it can be regarded as having any weight at all.

But the book itself, as it stood before it was altered, constituted not only some evidence in favor of the plaintiff, but evidence not to be lightly overcome. The credits therein contained had at least the full force of a written receipt. If we should say that this evidence was overcome, we should clearly invade the province of the jury. We cannot, there-

fore, hold (if there is a correction of interest) that the verdict should be set aside as without support in the evidence.

If the plaintiff shall elect within thirty days to remit the interest allowed from January 9, 1879, to February 20, 1879, to-wit: three dollars and thirty-five cents, the judgment must be affirmed, and otherwise reversed, and in either event the plaintiff must pay the costs of the appeal.