JOSEPH BREEMER, PLAINTIFF IN ERROR,

*v.*

T. T. BURGESS, DEFENDANT IN ERROR.

Motion to dismiss.

The Act of Legislative Assembly of 1883, respecting appeal to this Court, is cumulative and complete within itself ; it does not repeal Sections 458, 459, 460 of the Code of 1881.

It applies to every class of cases which this Court is competent to review.

The facts contemplated in the statément provided for in Section 3 of this Act, are the material evidentiary facts propounded in progress of a cause through the lower Court.

No assignment of errors is contemplated under this Act, other than may be required by a rule of this Court.

Opinion on merits.

Where a material allegation of a complaint is denied in an answer, and an affirmative allegation is made in the answer, admitting controverted allegations in the complaint subject to qualifications, the plaintiff is not relieved from making proof of so much of his allegations as are embraced in the qualifications in defendant's answér.

Where it is admitted in the pleading that the plaintiff is entitled to recover a portion of an open demand pleaded in the complaint, the law entitles plaintiff to recover interest on such amount from the commencement of the action.

ERROR, to Third Judicial District, holding terms at Walla Walla.

The action was brought to this Court under the Act of 1883, relating to appeals, by giving notice of appeal in open Court. No assignment of error was made, and for that reason the defendant in error moved the Court to affirm the judgment of the lower Court.

Statement of facts will be found in the opinion.

*B. L.* and *John S. Sharpstein,* for Plaintiff in error.

The plaintiff's allegation that the defendant promised to pay the sum of six hundred dollars for the cigars, is expressly admitted and alleged in the answer, and the plaintiff had a right to rely upon such admissions or allegations, notwithstanding the denials in the answer. (*Dickson* v. *Cole*, 34 Wis. 621; *Hartwell* v. *Page et al.*, 14 Wis. 50; *Curl et al.* v. *Watson et al.*, 25 Iowa, 35; *Sexton* v. *Rhames*, 13 Wis. 99; *Moore et al* v. *Isbel et al.*, 40 Iowa, 383; *Clapp* v. *Cunningham*, 50 Iowa, 307; *Bell* v. *Brown*, 22 Cal. 671; *Derby* v. *Gallup*, 5 Minn. 119.)

The warranty and breach set up in the defendant's answer were affirmative matters, and being denied in the reply, must be proved by defendant, in order to avail him as a defense. (*Mixer* v. *Coburn*, 14 Met. 559; 44 Am. Dec. 230.)

Admitting defendant's statement as to the value of the goods to be true, the deposit, in order to have stopped interest and accruing costs, should have been for $409.08 and accrued costs. (*McCullum* v. *Seward et al*, 62 N. Y. 316; *Van Rennselaer* v. *Jewett*, 2 N. Y. 135; *Mercer* v. *Vose*, 67 N. Y. 56; *Palmer* v. *Stockwell*, 9 Gray, 237; *Simpson* v. *Greene*, 13 Allen, 326; *Barnard* v. *Bartholomew*, 22 Pick. 291; *Mote* v. *Chicago & N. W. R. R. Co.*, 27 Iowa, 22; *Hall* v. *The Farmers' & Citizens' Savings Bank of Clinton*, 55 Iowa, 612.)

*John B. Allen* and *D. J. Crowley*, for Defendant in error.

The Act in relation to the Removal of Causes to the Supreme Court, approved November 23d, 1883, must be construed in connection with the provisions of the Code of Washington, except where there is a conflict.

The Act of November, 1883, provides for the manner of giving and serving a notice of appeal, but does not specify what the notice shall contain.

Therefore, it would seem that the provisions of the Code requiring a particular description of the error assigned are still in force.

The repeal of a statute by implication is not favored.

Unless the Act of November, 1883, is manifestly inconsistent with and repugnant to the provisions of the Code on the same subject, both remain in force, in part. If this be true, nothing can be heard or determined on this Writ of Error. (Code of

Washington, Secs. 458, 459 ; Statutes of Washington, 1883, 59, Secs. 1, 6 ; *Bowen* v. *Lease*, 5 Hill, N. Y. 225 ; *Williams* v. *Potter*, 2 Barbour, 316 ; *Commonwealth* v. *Herrick*, 6 Cushing, 465.)

Said notice undoubtedly confers jurisdiction on this Court, but as the appealing party has assigned no error, the jurisdiction must be limited to an affirmance of the judgment below.

Defendant does not admit that he agreed to pay six hundred, and fifty one-hundredths dollars for the cigars, but only that he agreed to pay that sum should the same correspond with plaintiff's warranty.

Hence, plaintiff was called upon to prove the reasonable value of the cigars, which he failed to do. A party must prove what he alleges. (1 Chitty on Pleadings, 13th Am. ed., 227.)

Plaintiff cannot abandon the implied contract he has pleaded, and recover upon the express contract set up in the answer. Such action on his part would be a fatal departure. (*Helm* v. *Wilson*, 28 Am. Dec. 336, and cases there cited.

If an answer contains several defenses, stated separately, an admission made in one portion of the answer, for the purpose of pleading a separate defense, does not destroy the effect of a denial of the matter thus admitted in another portion of the answer. (*Sitter* v. *Jewett*, 33 Cal. 42 ; *Swift* v. *Kingsley et al.*, 24 Barb. N. Y. 541.)

The allegations in the answer, although stated in an affirmative form, are in effect only a denial of the complaint. (*Goddard* v. *Fulton*, 21 Cal. 430.)

Interest cannot be collected in the absence of an agreement express or implied.

There is no allegation in the complaint showing an agreement for the payment of interest, nor are any facts stated showing a custom of trade, or any matter from which an agreement might be implied.

In fact, the pleadings show that the account was unsettled and undetermined.

No agreement can be implied, when the amount due is not and cannot be ascertained except upon a settlement between the parties. (*The President, Directors and Company of the Rensselaer Glass Factory* v. *Janet Reid*, Administratrix, etc., of John

Reid, deceased, 5 Cowen, N. Y. 587; *Ward* v. *Hick & Hamilton*, 2 Wendell, N. Y. 501; *Brady* v. *Wilcoxson*, 44 Cal. 239; *Clark* v. *Dutton*, 69 Ill. 521; *McCunnico et al.* v. *Carzen*, 2 Cal. 358; 1 Am. Dec. 540; *Clark* v. *Clark*, 46 Conn. 586; *Graham* v. *Williams*, 16 Sergeant & Rawle, 256; 1 Chitty on Pleadings, 13th Am. ed. 357.)

The question of interest was not brought to the attention of the Court below.

There is no specification of this as an error in plaintiff's motion for a new trial. Hence it cannot be considered. (Code of Washington, Sec. 218, p. 79.)

If plaintiff in error was injured by the taxation of costs, his remedy is by motion in the Court below. (*Newberry and Abrams* v. *J. D. Farmer*, 1 Washington Territory, New Series, 182.)

Opinion by GREENE, Chief Justice.

It is claimed by the defendant in error that the Statute of 1883, respecting the Taking of Appeals to this Court, is valid, and applies to cases in error, and that it has been complied with in this particular cause; that, nevertheless, there is still wanting to give this Court jurisdiction to hear the cause on its merits, an assignment of errors in a notice served and filed as is prescribed in Secs. 458, 459, and 460, of the Code of 1881.

This we think a mistake. In the first place, we have no doubt of the validity of the Statute of 1883. Even Section 3, where it provides that the District Judge, in settling a statement of facts, "shall sign any statement agreed upon by the parties or their attorneys," requires nothing contrary to constitutional right; for comparing the section with the sections preceding it, the facts so to be stated appear to be such facts as are in the cause, the material evidentiary facts, the facts as actually put forward in evidence on the one side, and on the other side at the trial or hearing—not ultimate facts deduced from the evidence, but the facts as the evidence on the one part and the other propound them for judicial deduction of the ultimate facts, to be embraced in findings or verdict. Any other view would be a departure from the word "facts," as used in the act itself, and also from that part of our Organic Law which

guarantees to a party the substance of that review which an appeal, or bill of exceptions and writ of error afford.

Although neither the term " writ of error," nor that of " bill of exceptions," appears any where in the act, and although the only term used therein to signify a proceeding in this Court for review, of a matter on which the District Court is posted, is the word " appeal," yet we think the intent of the Legislature clearly is to provide a mode of reaching this Court in any sort of a case proper for this Court to review. While we are not ready to say that the provisions of Section 3, for a statement of facts, are exclusively applicable to a case at law, we are of opinion that they have a special and ordinary application to such cases.

This Statute of 1883 we regard, then, as a permissive and cumulative enactment. The words " may " and " shall " seem to be used in it with discrimination, and of particular purpose throughout. There is no intent apparent to repeal the old law. Cases may now be brought up to this Court, either by the procedure prescribed in the Code, or by that provided in the Statute of 1883. A party has his option.

In cases brought up under the law of 1883, errors will be assigned as this Court shall by rule direct.

*Motion denied.*

We concur: GEORGE TURNER, Associate Justice.

OPINION on the merits.

On the 9th day of June, 1883, the plaintiff in error began an action in the District Court to recover for goods, wares, and merchandise sold and delivered by plaintiff to defendant in November, 1882, what they were reasonably worth, alleging the value to be $300.50, and that defendant promised to pay that sum therefor ; and claiming judgment for $600.50, with interest thereon and costs. Defendant demanded a bill of particulars, which was duly served and filed, showing plaintiff's claim to be for 10,000 cigars at sixty dollars per thousand, sold and delivered by plaintiff to defendant.

On the 3d of September, 1883, the defendant answered, denying that the goods were worth any greater sum than $399.50,

and setting up that in November, 1882, plaintiff agreed to sell and deliver to defendant ten thousand cigars, at the agreed price of sixty dollars per thousand ; that the sale was by sample, with warranty ; and that the defendant agreed to pay therefor at the rate of sixty dollars per thousand, if the cigars should be good and merchantable, and equal to sample. Defendant further set up in his answer, that under said agreement plaintiff sold and delivered to the defendant 10,000 cigars, the same being the goods, wares, and merchandise described in plaintiff's complaint ; and that the cigars were not equal to warranty, and were not worth over $399.50, but were worth $200 less than they would have been worth had they been equal to the warranty; to the defendant's damage in the sum of $200. On the day of filing his answer, defendant deposited $400 with the Clerk of the Court, and a sum equal to the accrued costs, and demanded judgment for the costs accruing thereafter.

Plaintiff replied to the answer by denying the warranty, the sale by sample, the breach of warranty, and the defendant's damages.

The action proceeded to a trial by jury, whereupon the plaintiff offered in evidence an order from defendant upon plaintiff for 10,000 cigars of a certain brand, at sixty dollars per thousand, which being admitted in evidence, the plaintiff rested. Then the defendant, without offering any evidence, moved the Court to instruct the jury to find for the plaintiff the sum admitted in defendant's answer. The Court gave the instruction, to the giving of which the plaintiff duly excepted, and his exception was allowed by the Court.

Thereupon the jury, complying with the direction of the Court, without leaving their seats, gave a verdict for plaintiff for $400, and for $24.95 costs, accrued before the filing of defendant's answer. Plaintiff moved for a new trial, but his motion was overruled by the Court. Exception to this ruling was duly taken and allowed. Afterwards judgment in accordance with the verdict was duly given by the Court.

It is urged before us that the Court erred in directing a verdict for the sum admitted in the answer, and that the error consisted in disregarding an express admission in the answer, that defendant promised to pay the sum of six hundred dollars for

the cigars.   But we do not find in the answer anything more than a qualified admission; an admission which, if the plaintiff sought to avail himself of it for any purpose, would have to be taken with the qualification.   It was not such an admission as would relieve plaintiff, in order to show a right to recover a greater sum than that admitted, from the necessity of offering proof of a greater reasonable worth.   Therefore there was no error in the Court's action on that score.

But it is further contended that the instruction of the Court was wrong, in that it should have required the jury to include in their verdict interest in the sum admitted to be due, computed from the commencement of the action to the time of verdict. This proposition we deem to be sound.   Defendant's admissions related back to the date of plaintiff's allegations, and cancelled that.   At that date, namely, the day of beginning the suit, there was an indebtedness of $400.   As between the parties, the indebtedness should be considered as liquidated at that date, and the verdict should have conformed to that state of the fact. (*McCollum* v. *Seward et al.*, 62 N. Y. 316 ;  *Van Rennselaer* v. *Jewett*, 2 N. Y. 135; *Mercer* v. *Vose*, 67 N. Y. 56 ; *Simpson* v. *Greene*, 13 Allen, 326 ; *Mote* v. *R. R. Co.*, 55 Iowa, 612 ; *Porter* v. *Patterson*, 15 Penn. St. 229 ; *Gleason* v. *Briggs*, 28 Vt. 135.)

But it is said on the other side, that the question of interest was a small matter, to which the attention of the District Court was not drawn, and which this Court will, therefore, not now regard.   It is true that it was a matter of only about $9—but the principle involved in not allowing it is an important one, and the disallowance of it threw, practically, the costs of the cause upon the plaintiff.

We are of opinion that the District Court erred in not requiring the jury to include in their finding interest from the day the action was begun.   The judgment of that Court will, therefore, be reversed, and the cause remanded for further proceedings.

We concur :  JOHN P. HOYT, Associate Justice.
                GEORGE TURNER, Associate Justice.