## DETLEF F. KRUSE v. THE SEIFFERT & WEISE LUMBER COMPANY, Appellant.

**Corporations:** PRINCIPAL AND AGENT. A corporation which desires to avoid liability for services rendered in connection with its business by reason of an arrangement between itself and an agent, whereby the latter is to do all the work and pay the necessary help from money furnished by it, must inform the person who renders the services, of the arrangement before the services are rendered.

SAME. The payment by the master to the agent of the money for the servant's wages will not relieve him from liability to the servant, where the agent does not make the payment.

RULE APPLIED: *Jury question.* A company carried on business through a general agent, allowing him a specific sum monthly for the payment of help, for whose wages he alone was to be responsible. A person employed by the agent in the business, repeatedly stated that he was working for the agent, and, when the latter was discovered to be a defaulter, said he had lost all his wages. In an account of the wages due him, he charged them to the agent, and, after the latter's defalcation, took his note for the amount. Letters written by him to the agent indicated that he looked to him alone for pay. Not being dependent on his wages, he paid little attention to collecting them, and testified that, in taking the agent's note, he did not intend to discharge the company. *Held* that a finding that the services had been performed for the company, and not for its agent individually, was warranted.

EVIDENCE. That the memoranda of accounts made by plaintiff in an action against a corporation for services rendered in connection with its business did not show an account with it, but with its agent, whom it claims had undertaken to carry on the business and to pay for all services, is but *prima facie* evidence that the plaintiff relied on the agent's responsibility, and is subject to explanation.

SAME. The taking of the individual note of the represenative of a corporation in settlement for services rendered in the business of the corporation, is not conclusive evidence that it was accepted in payment of the claim or that the person rendering the services did not have a claim against the corporation therefor.

INTENT. When it is material to determine the motive or intention with which an act was done, the testimony of the person doing it as to his motive and intention, is competent evidence.

RULE APPLIED. On an issue whether a note taken by an employe from the agent of the master for wages due him was taken in payment, the employe may testify as to the intent with which he took the note.

LEADING QUESTIONS: *Discretion.* The trial court has considerable discretion in allowing leading questions on direct examination, especially where the witness does not readily understand the English language.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

SATURDAY, MAY 13, 1899.

ACTION at law to recover for services rendered. There was a trial by jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Benjamin & Preston* for appellant.

*John P. Organ, A. W. Askwith,* and *Robertson & Kimball* for appellee.

ROBINSON, C. J.—For several years prior to February, 1889, the firm of Seiffert & Weise carried on in Minden, Iowa, the business of dealing in lumber and other merchandise. The chief place of business of the firm was at Avoca. In February, 1889, the firm was succeeded by the defendant, a corporation, which thereafter carried on business at Minden as the firm had done before. The business at that place was in charge of Charles Altmansperger, who represented the firm, and afterwards the corporation, as agent. In January, 1896, he was found to have been guilty of criminal mismanagement of the business; was arrested, convicted, sentenced to the penitentiary at Ft. Madison, and his agency terminated. The plaintiff worked in the yard at Minden while it was carried on by the firm, and also by the defend-

ant, and claims that both are indebted to him for services rendered, and the defendant assumed, and is liable for the payment of, the debt, owed by the firm. That is denied by the defendant, and the issue in regard to it was withdrawn from the jury. The transactions between the plaintiff and the firm are important, for the purposes of this appeal, only so far as they tend to show the actual relations which existed between the plaintiff, the defendant, and Altmansperger.

I. It is contended by the defendant that it never employed the plaintiff, and is not responsible for the amount due him, but that he was employed by, and worked for, Altmansperger alone. There is much in the record which tends to support that claim. Numerous witnesses testified that at different times the plaintiff stated that he was working for Altmansperger, or "Charlie," as he was called, and looked to him for compensation, and that, when he was found to be a defaulter, the plaintiff stated that he had lost what was due him for services. Letters written by him to Altmansperger while the latter was in the penitentiary tend to show that he was regarded by the plaintiff as the one responsible for the claim in suit, and memoranda of the accounts made by the plaintiff tend to show the same. In a settlement made in May, 1892, between Altmansperger and the plaintiff, the latter accepted the personal note of the former for one thousand dollars, the balance then found to be due. The members of the firm and Altmansperger testify, in effect, that the latter was allowed a specified sum monthly with which to pay for necessary help in the business, and that he alone was repsonsible for the wages of the plaintiff. The evidence would certainly have authorized the jury to find that such was the case. But much of the evidence relied upon by the defendant is susceptible of an explanation in harmony with the theory of the plaintiff. It is clear that his contract of employment was somewhat indefinite. In fact, he states that there was no express agreement, but that he went to work without so much as a definite understanding

respecting the wages he was to receive. No time for payment was fixed. The relations between the plaintiff and his employer were of the most informal character. The plaintiff, it appears, did not depend upon his wages for a living, and gave the matter of collecting them but little attention. Since Altmansperger was the one who had immediate charge of the business, and with whom the plaintiff associated and dealt, it was natural for him to speak of Altmansperger, or "Charlie," as his employer,—as the one for whom he worked, without intending to convey the idea that he was not working for the firm or for the defendant. The taking of the note in settlement was not conclusive evidence that he accepted it in payment of his claim, nor that he did not have a claim against the defendant. He had great confidence in Altmansperger, and relied upon him to make a proper settlement; but he states that he did not intend to discharge the defendant from liability by making the settlement with Altmansperger and taking his note. It was said in *Bank v. Gifford,* 79 Iowa, 300, that "the giving and accepting of a promissory not for a prior debt, would not be regarded as payment thereof, unless there be an agreement of the parties to that effect." The fact that the memoranda of accounts made by the plaintiff did not show an account with the defendant, but with its agent, was but *prima facie* evidence, subject to explanation. *Guest v. Opera-House Co.,* 74 Iowa, 457; *Foster v. Persch,* 68 N. Y. 400. The plaintiff denies many of the statements attributed to him, and the conflict in the evidence was such that the verdict of the jury must be regarded as conclusive as to the facts.

II. The defendant complains of the rulings of the court which permitted the plaintiff to testify respecting his intent and purpose in certain transactions,—as that he did not accept the note in payment of his claim against the defendant. We think the rulings were correct. It was said in *Browne v. Hickie,* 68 Iowa, 330, that,

"when it is material to determine the motive or intention with which an act was done, the testimony of the one doing the act, as to his motive or intention, is competent evidence." See, also, *Frost v. Rosecrans*, 66 Iowa, 405.

III.   The appellant complains of certain questions asked of the plaintiff, on the ground that they were leading. The plaintiff did not readily understand the English language, and it appeared to be necessary to make the questions he was required to answer simple and easily understood.   The trial court has considerable discretion in allowing leading questions.   *Hall v. Bank*, 55 Iowa, 612; *State v. Moelchen*, 53 Iowa, 310; *State v. Bodekee*, 34 Iowa, 520.   We do not think that an abuse of that discretion is shown.

IV.   The appellant complains of the refusal of the court to give instructions asked, and criticises portions of the charge given.   The charge incorporated so much of the instructions refusd as was correct, and fully and fairly submitted the case to the jury.   We do not find in it, or in numerous rulings of which the appellant complains, any ground for reversing the judgment of the district court.   It is said the amount of the recovery was excessive, but we think it was authorized by the evidence.   It is claimed that the evidence does not sustain the verdict, but we do not think that is correct, The relation between the defendant and Altmansperger is admitted to have been that of principal and agent, and the amount which the plaintiff recovered is shown to be due him for services rendered in the defendant's yard at Minden; and it must be presumed, until the contrary is shown, that the defendant is liable for the amount.   The defendant claims, and submitted evidence to show, that, by an arrangement between itself and Altmansperger, the latter was required to do all the work at Minden, and pay the necessary help from money furnished him by defendant; but whether the plaintiff knew of that arrangement was a question for the jury.   It was the duty of the defendant, if it is desired to

avoid liability on account of the services in question, to inform the plaintiff of the arrangement before the services were rendered. *McCrary v. Ruddick,* 33 Iowa, 521; *Shelton v. Johnson,* 40 Iowa, 84. The jury was authorized to find that the plaintiff did not know of the arrangement, and, if he did not, he was not affected by it, even though the defendant paid the money required by the arrangement to Altmansperger in good faith, in the belief that it was not liable to the plaintiff. Although the jury might well have found for the defendant on the evidence submitted, yet its finding for the plaintiff has so much support in the evidence that we cannot disturb it.

What we have said disposes of the controlling questions in the case. We have examined all the objections made, but do not find any prejudicial error. The judgment of the district court is therefore AFFIRMED.