J. SEMPLE, Appellant, v. G. ROY RINGO, Respondent.

(172 N. W. 817.)

**Physicians and surgeons — administering anesthetics — payment for same.**

In surgery the proper administration of an anesthetic is an essential part of the operation, for which a surgeon is commonly paid a good round fee, which includes the minor fee of an assistant. When he employs an assistant, the presumption is that he agrees to pay him, unless the contrary appears from express words or conditions.

Opinion filed May 5, 1919.

Appeal from the County Court of Ward County, Honorable *William Murray,* Judge.

Reversed and new trial ordered.

*A. M. Thompson* (*Greene & Stenersen,* of counsel), for appellant.

Defendant admits that some time before the trial he received from plaintiff a statement of the account sued on in this case, and also received a letter from plaintiff's attorney concerning it. It nowhere appears that he ever made any objection to the charges or disclaimed liability for any part of it. We submit that, under the law, this constituted an account stated between the parties, and that defendant is estopped to deny liability.

*Palda & Aaker,* for respondent.

When a surgeon calls another into consultation, or for assistance in the treatment of any surgical case, the physician called in consulta-

tion or assistance is simply called by the attending doctor on behalf of the patient himself, and, under the law, the patient at all times, under these circumstances, is held responsible for all fees of the attending or consulting surgeon, and cannot look to the party calling him for his fees. 30 Cyc. p. 1597, and note; Guerard v. Jenkins, 1 Strobh. (S. C.) 171.

ROBINSON, J. This is an appeal from a judgment on a directed verdict for defendant. The parties are distinguished physicians and surgeons at Minot. The complaint avers that on several occasions in 1915 and 1916, at the special request of the defendant, plaintiff administered anesthetics to patients of defendant on whom he performed surgical' operations; that his services were reasonably worth $25, which defendant promised to pay. It is admitted that at the request of the defendant the plaintiff performed such services and that the same was reasonably worth $25. The defense is that in requesting the service defendant acted merely as the agent of his patients and did not assume any personal obligation, and that in such cases it is customary for a doctor to administer anesthetics and to look for his pay to the patients, and not to the doctor calling him.

In this case the defendant keeps a hospital at Minot and does quite an extensive operating business. On the several occasions, without disclosing the names of his patients or anything concerning them, he requested and accepted the services of the plaintiff in what are known as minor and major surgical operations. In such a case the principal surgeon commonly gets a good liberal fee for doing everything necessary for a successful operation. In modern surgery the proper administration of an anesthetic is a very essential part of the operation. It may also be necessary to obtain from a druggist antiseptic gauze or cotton, and other small things. All such services and necessaries are properly chargeable to the surgeon when he orders them without giving the name of his patient as the person to whom the charge should be made.

In this case it appears that at the request of defendant the plaintiff went and administered anesthetics, not knowing anything of the patients, not even their names; and not looking to them for payment. It also appears from abundant evidence that the custom is for a surgeon to pay the small fee of an assistant physician whom he requests to ad-

minister an anesthetic. Clearly both the presumption of law and the weight of the testimony are in favor of the plaintiff. The case should have been submitted to the jury. Judgment reversed and a new trial ordered.

Reversed.

BRONSON and GRACE, JJ., concur in result.

CHRISTIANSON, Ch. J. (dissenting). I dissent. In order to present my views properly it is necessary to first consider the facts as shown by the record. The plaintiff claims that he performed certain services as a consulting physician and in administering anesthetics to defendant's patients. He testified: "The first case that I helped Dr. Ringo on was a case out at Glenburn where a man had accidentally shot his knee, and we were in the Elks Home at the time, and Dr. Ringo says, 'Would you care to come out for a drive with me to Glenburn; I am going out to see a case of gunshot wound of the knee,' and I said 'Yes,' I would go, and we went out and it was Doctor Lord's case and he had called Dr. Ringo to help. Well, then, when we got there Dr. Lord wanted to assist Dr. Ringo in the operation, and they had me give the anesthetic to the patient. Well, Dr. Ringo and Dr. Lord were operating and that was the first case. The next case Dr. Ringo telephoned to my office and asked me if I could go up and give an anesthetic and I went up and gave the anesthetic. It was a male patient between the ages of twenty and thirty. The next case was where he called me to give an anesthetic for a patient he was operating on for appendicitis. The next case was a case Dr. Ringo asked me if I would come over and see a case with him and I did. We went over and examined the case together." The plaintiff further testified that the reasonable value of his services in these cases was $25, and that the same had not been paid.

It is undisputed that the defendant at no time expressly promised to pay plaintiff for the services which he rendered. And the sole question presented on this appeal is whether, upon the facts stated, there was an implied promise on the part of the defendant to pay for such services.

The usual rules of agency apply to contracts for medical services to a third person, effected through another. 22 Am. & Eng. Enc. Law, 792. And "where a person requests a physician to perform services for

a patient, the law does not raise an implied promise to pay the reasonable value of the services so rendered, unless the relation of the person making the request to the patient is such as raises the legal obligation on his part to call in a physician and pay for his services." 22 Am. & Eng. Enc. Law, 790, 791; 21 R. C. L. 410, 412. The law does, however, raise an implied promise on the part of the patient who receives the benefit of such medical services to pay what they are reasonably worth. 30 Cyc. 1596, 1597; 21 R. C. L. 410, 411. And where the patient has engaged a physician to attend him, and such physician summons another physician for consultation or assistance, the physician so summoned may recover from the patient for the services performed. 22 Am. & Eng. Enc. Law, 792; 30 Cyc. 1597.

Let us apply these rules to this case. The plaintiff knew that defendant had been engaged as attending physician by certain patients. The defendant summoned the plaintiff to assist in treating such patients. The plaintiff met them. They received the benefit of his services. They were all persons of mature age, and in possession of their faculties. It seems to me that under these circumstances the law does not imply any promise on the part of the defendant to pay plaintiff for the services which he performed. As was well said by the supreme court of Wisconsin in considering a somewhat similar question: "We think we are justified in assuming that it is quite exceptional for the members of that [the medical] profession to undertake the treatment of their patients on special contracts by which they are to be paid a sum in gross, and by which they bind themselves personally with their patients to pay for any needed assistance in the proper treatment of the case." Garrey v. Stadler, 67 Wis. 512–516, 58 Am. Rep. 877, 30 N. W. 787. See also Guerard v. Jenkins, 32 S. C. L. (1 Strobh.) 171; Shelton v. Johnson, 40 Iowa, 84.

The majority opinion states: "It also appears from abundant evidence that the custom is for a surgeon to pay the small fee of an assistant physician whom he requests to administer an anesthetic." In my opinion this statement is not in accord with the facts. It is true the plaintiff attempted to show that there was such a custom, but he did not succeed in his attempt. The plaintiff, who had been practising in Minot for only a comparatively short time, testified as to his personal experience with some three or four other physicians in that city. Dr.

Knapp, who was called as a witness by the plaintiff, testified as to his individual practice. Dr. Nestos, who was also called as a witness for the plaintiff, testified that, so far as there was any custom, to his knowledge or in his experience, a doctor called to administer an anesthetic would not receive pay for his services until the attending physician had collected the fee therefor from the patient. Manifestly this evidence did not show a custom within the legal meaning of that term. In order to be binding a custom must be certain, uniform, and general. 12 Cyc. 1035–1038. If the custom was as testified to by Dr. Nestos, then plaintiff would in no event be entitled to recover, for it is undisputed that the defendant has not received 1 cent from any one of the patients whose treatment is involved in this litigation.