## Turner v. Myers.

Attorney: MUST PROVE RETAINER OR RECOGNITION. A son brought a replevin suit, in his own right, for a horse, executing a bond upon which his mother was surety. The case was appealed to the District Court, and an attorney was there employed by the son to assist in the trial. Judgment being there rendered against the plaintiff, and his mother, as surety on the bond, he employed the attorney to commence a suit in equity, in his own and his mother's name, to restrain the collection of the judgment, in which plaintiffs failed, whereupon they appealed to the Supreme Court ; but it did not appear, nor was it claimed, that the attorney rendered any services on this appeal; nor did it appear, that he had ever seen the mother, or that she had ever authorized him to act for her, or recognized him as her attorney, in any stage of the proceedings. *Held*, that she was not liable to him for services rendered in the suits.

*Appeal from Cedar District Court.*

Friday, December 13.

Plaintiff, an attorney, sues for his professional services in two cases. The value of the services is admitted as claimed, and the testimony as to the retainer was as follows :

D. G. Myers, the son of the appellant, and residing with her prior to 1860, brought replevin against one Bink for a horse, giving a bond, with his mother as his surety. The case was appealed to the District Court, and plaintiff was employed by the son to assist in the trial. Judgment was there rendered against the principal and surety on the bond. Plaintiff then, at the request of the son, commenced a suit in equity against Bink, in the name of the son and mother, to restrain the collection of said judgment. Plaintiff failed in said action, and appealed to the Supreme Court with like result.

It further appeared that plaintiff had never seen the mother; that she never personally requested him to perform any services for her, but that she knew of the proceedings.

Upon this testimony, the court below found for plaintiff, and defendant (Catharine), the only party served, appeals.

*Cook & Crury* and *H. C. Piatt* for the appellant.

*Wolf & Landt* for the appellee.

WRIGHT, J. — The only testimony in the case is that of the plaintiff. Giving to the findings of the court below every presumption to which, upon well settled rules, it is entitled, we are to determine whether it was warranted by the testimony. In other words, is the verdict, for the findings of the court are to be treated as such, so far and clearly against the weight of testimony as to justify our interference?

ATTORNEY: must prove retainer or recognition.

That the son was liable for these services, there is no question. He was the principal, and expressly retained plaintiff to prosecute and defend the suits for the services in which, plaintiff charges. And when it appears that the attorney commenced a suit in the name of the principal and surety, at the request of the principal, without at any time seeing the surety, without being requested by such surety to perform any services for her, will the single fact that she knew of the proceedings, make her liable for his services? It seems to us not, and that this judgment must be reversed.

In the first place, it was the duty of the son to prosecute and defend these actions at his own cost and expense. He was the principal, and first liable to pay. He was the party primarily to be benefited. There is no pretense

that he was acting as the agent of the mother, that he was under age, nor that she signed any papers in the case, other than the replevin bond.  Then, without any request from the surety, these services were rendered at the instance of the principal, which may be incidentally valuable to her; and though she might know of the proceedings, we do not think, upon any rule, it could be held that she was impliedly liable to pay for the same.  The express contract with the son, and his primary liability, in the absence of other proof than is found in this record, would seem to justify the conclusion that the son and not the mother was the one to whom the plaintiff was to look for his pay.  And here, be it remembered, that while plaintiffs in the injunction suit appealed to the Supreme Court, it is not claimed that plaintiff herein, rendered any service on such appeal.

It was plaintiff's duty to prove his retainer by the person sought to be charged.  This he might do by showing that the defendant called upon him in regard to the business; that she executed his directions in connection therewith; that she was present at the trial while he was managing it in her behalf, or that she spoke of or recognized him in some manner as her attorney.  2 Greenl. Ev. § 139.  It may be difficult, in most cases, to prove the original employment, yet some recognition of the attorney during the progress of the suit may certainly be shown, and, without some such proof, it would be unjust and a dangerous precedent to make a party liable.  *Hotchkiss* v. *Le Roy*, 9 Johns. 142; see also *Hopkins* v. *Mallard*, 1 G. Greene, 117; *McCulloch* v. *Robinson*, 2 Ind. 630.

Reversed.