McCrary v. Ruddick.

McCRARY, SURVIVING PARTNER, ETC. v. RUDDICK *et al.*

Contract: ATTORNEY: IMPLIED PROMISE TO PAY.   Where a co-defendant in a suit, being an attorney, specially contracted with his co-defendants in the action, for a stipulated sum, to defend the suit in behalf of himself and his co-defendants, he to employ and pay assistant counsel, it was *held*, that assistant counsel called into the case by said attorney and who performed valuable services in the defense of the case, with the knowledge of the other defendants and without any knowledge on their part of the special contract existing between said attorney and his co-defendants, were, in an action against all the defendants, entitled to recover compensation for the services rendered by them in defense of the suit.

*Appeal from Lee District Court.*

SATURDAY, FEBRUARY 24.

THIS action is brought to recover for professional services rendered to the defendants by Rankin & McCrary, Esqrs., attorneys at law.

The bill of exceptions does not set out the evidence, but shows that there was evidence tending to prove that the alleged services were rendered by Rankin & McCrary as attorneys for the defendants in a suit in chancery, known as the Chudderback suit, and that the services were worth at the time $200, amounting at the time of trial with interest to $257; that the defendants knew said services were being rendered at the time, and had never been paid for.

It is further shown by the bill of exceptions that one
VOL. XXXIII. — 66

McCrary v. Ruddick.

Washington Galland, who was a co-defendant in the Chudderback suit, and also an attorney at law, had made a special contract with the defendants in this action to defend said Chudderback suit on behalf of himself and his co-defendants to final issue, and himself employ and pay assistant counsel for a sum agreed upon; also testimony tending to show that Rankin & McCrary were called into the case by Galland, that defendant never personally employed Rankin & McCrary, but that they supposed Galland had employed them.

On the part of plaintiff, evidence was given to show that Rankin & McCrary had no knowledge of the special contract between Galland and the other defendants, but considered themselves as rendering services for the defendants.

There was a verdict and judgment for the plaintiff, and defendants appeal.

*Gilmore & Anderson* for the appellants.

*McCrary, Miller & McCrary* for the appellee.

MILLER, J. — It is claimed in argument that the court erred in giving certain instructions on behalf of plaintiff, and in refusing to give an instruction asked by defendants.

The substance of the instructions given by the court is, that, if the plaintiff rendered the services alleged, and the defendants received the benefit of such services, and knew as a matter of fact, that Rankin & McCrary were managing the Chudderback case for defendants, then the law raised an implied promise on the part of defendants to pay what the services were reasonably worth, and that the fact that defendants had made a special contract with Galland to defend the action for a sum named, and to employ and pay assistant counsel, would not defeat plaintiff's right of recovery, unless it was shown that Rankin & McCrary knew of the terms and conditions of this special contract,

and that they would have to look alone to Galland for payment for their services; that the burden of proving that the services were rendered, the value thereof, and that defendants knew that Rankin & McCrary were acting as their attorneys in the Chudderback suit, was on the plaintiff, and that the burden of showing that such services were being rendered under the special contract with Galland, and that Rankin & McCrary had notice of such contract, was on the defendants.

The instruction asked by defendants and refused by the court is as follows:

" If the jury believe from the evidence that, in the case of *Chudderback* v. *Ruddick et al.*, the defendants employed W. Galland, an attorney of this court, under a special contract to defend for them; if they find that said Galland employed Rankin & McCrary to appear in said cause; that defendants never did employ Rankin & McCrary, and especially if they find that these defendants all the time had reason to suppose that Rankin & McCrary were acting with Galland under his contract, then the jury should find for the defendants.

We are of opinion that there was no error in the ruling of the court.

It will not be questioned that, if the defendants had requested Rankin & McCrary to perform the services, without more being said, they would have been liable to pay what their services were reasonably worth. Nor will it be doubted that, if there had been no special contract between Galland and the other defendants, and the services had been rendered with the knowledge of defendants, they would be liable to pay for them. The firm of Rankin & McCrary performed the services for the defendants with their knowledge. They knew that these attorneys were appearing and defending the action in their behalf and for their benefit, and, although they had not requested Rankin & McCrary to render the services, yet, by their silence,

they assented that they should do so, and thereby rendered a previous request unnecessary.

If the defendants did not intend that Rankin & McCrary should look to them for payment for the services they were rendering, they should have objected or informed them of the special contract, but by the silence of the defendants, with full knowledge of what was being done by Rankin & McCrary, and by receiving and enjoying the benefit of the services rendered, a promise to pay will be implied. 2 Pars. on Cont. (5th ed.) 58; 3 Bl. Com. 161. See, also, 2 Pars. on Cont. 46; *Phillips* v. *Jones,* 1 Adol. & Ell. 333; *Peacock* v. *Peacock,* 2 Camp. 45; *Scully* v. *Scully,* 28 Iowa, 548; *Waterman* v. *Gilson,* 5 La. An. 672; *Lucas* v. *Godwin,* 3 Bing. (N. C.) 737; *James* v. *Bixby,* 11 Mass. 34; *Farmington Academy* v. *Allen,* 14 id. 172.

It would have been otherwise had Rankin & McCrary been informed of the special agreement, or had the circumstances been such as to raise a presumption that they had such information. But they entered upon the services at the request of one who was himself a defendant, and they performed the services with the knowledge and implied assent and for the benefit of all the defendants, without notice of any special agreement in regard to the defense of the case. Rankin and McCrary had a right to rely on the promise which, under the circumstances, the law implied, unless they were informed of the special agreement. This information they did not possess, but the defendants did, and it was their fault that it was not communicated.

The judgment of the district court is

Affirmed.