AT

## DES MOINES, MAY TERM, A. D. 1889.

IN THE FORTY-THIRD YEAR OF THE STATE.

PRESENT:

Hon. JOSIAH GIVEN, CHIEF JUSTICE.
Hon. JAMES H. ROTHROCK,
Hon. JOSEPH M. BECK,
Hon. GIFFORD S. ROBINSON,    } JUSTICES.
Hon. CHARLES T. GRANGER,

## HUDSPETH V. YETZER.

Contract : ATTORNEY'S FEES : AGREEMENT WITH ANOTHER. Action by an attorney to recover for his services. Defendant answered, and there was evidence tending to show, that the services were performed by plaintiff under a contract between defendant and plaintiff's father, whereby the father was to procure the services in question for defendant, and defendant was to endorse the value thereof upon notes which he held against the father, and that plaintiff performed the services under and with knowledge of such agreement. *Held* that the court properly instructed the jury that if they found from a preponderance of the evidence that defendant's answer was true, plaintiff could not recover. (Compare *McCrary v. Ruddick*, 33 Iowa, 521; *Shelton v. Johnson*, 40 Iowa, 84; *Ennis v. Hultz*, 46 Iowa, 76.

*Appeal from Cass District Court.*—HON. H. E. DEEMER, Judge.

FILED, MAY 31, 1889.

THIS is an action at law by which the plaintiff seeks to recover of the defendant the sum of two hundred and fifty dollars for legal services. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*L. L. De Lano,* for appellant.

*John Hudspeth* and *T. B. Swan,* for appellee.

ROTHROCK, J.—It appears from the record that the plaintiff is a practicing attorney, and that the defendant had certain claims or demands in the form of promissory notes upon certain persons, who were of doubtful solvency. In other words, the claims belonged to that class which are sometimes called "desperate debts." The plaintiff commenced his action by claiming in his original petition that the defendant, by an express contract, employed plaintiff to put the claims into judgment, and collect the same. The defendant denied that he made any contract with the plaintiff, or that he employed.him in any way. He claimed that the plaintiff's father undertook to perform the services upon an express contract that payment for the services should be made by credits indorsed on certain notes held by defendant against plaintiff's father, and that Royal Hudspeth, the father, agreed to furnish the services of the plaintiff, and other legal services, if necessary. The plaintiff thereupon added an additional count to his petition, in which he claimed, in substance, that the defendant knew at the time the services were being performed that the plaintiff was engaged therein, and that the same were done with defendant's knowledge and consent, and that, having accepted the benefits of the services, he is liable therefor. In other words, plaintiff claims by his additional count in the petition that the services were performed under an implied contract. There was evidence in the case which tended to sustain the defense that the services

were to be performed either by Royal Hudspeth, the plaintiff's father, or by his procurement, and that payment was to be made therefor by credits on the notes held by defendant against him. To put it differently, there was evidence sustaining the averments of the answer, and the jury would have been authorized in finding that all the negotiations, and in fact all the business in connection with the collection of the claims, took place between the defendant and Royal Hudspeth, and that payment for the services was to be made as above stated. The court instructed the jury upon this branch of the case as follows: "If you find that the plaintiff performed certain legal services for the defendant, with the defendant's knowledge and consent, and that defendant received the benefits thereof without objection, then plaintiff will be entitled to recover the reasonable value of such services, unless defendant has established by a fair preponderance of the evidence that they were performed under a contract made by him with plaintiff's father, by which the plaintiff's father agreed that plaintiff should perform the said services, and the value thereof should be endorsed upon an indebtedness which was then owing by Royal Hudspeth to the defendant, and that the plaintiff had knowledge of said agreement." This instruction, and others of which complaint is made by appellant, appears to us to be in strict accord with the cases of *McCrary v. Ruddick*, 33 Iowa, 521, and *Shelton v. Johnson*, 40 Iowa, 84. Indeed, it appears that the learned district judge who tried this cause must have instructed the jury with special reference to the first of the above cited cases, and to the instructions approved therein by this court, and the case is plainly distinguishable from the case of *Ennis v. Hultz*, 46 Iowa, 76, relied upon by counsel for defendant. We do not think it necessary to discuss and explain these cases. It is enough to cite them. An examination of them will show that the court did not err in its instructions to the jury in the case at bar. This disposition of the cause renders it unnecessary to determine a motion filed by appellee, and submitted in the cause. AFFIRMED.