J. M. DORR, Appellant, v. DUDLEY & COFFIN, C. A. DUDLEY, and N. E. COFFIN, Appellees.

**Attorney and client:** LIABILITY FOR SERVICES. Where an attorney
1 employs assistant counsel without any specific agreement as to compensation, but with the knowledge of his client, who, without protest accepts the benefit of their labor, the client is liable for the reasonable value of their services.

**Same.** A litigant, who acquiesces in and accepts the benefit of attorney's services in prosecuting an appeal to the Supreme
2 Court, is liable for the reasonable value of the service, although the arrangement for the service was made by another.

**Apportionment of costs.** Although plaintiff's cause of action is uncontested and the entire dispute arises over defendant's counterclaim in which he is successful, all costs after answer should
3 not be taxed to plaintiff, but on affirmance of the judgment there should be an apportionment of the same.

*Appeal from Polk District Court.*— Hon. James A. Howe,
Judge.

FRIDAY, JUNE 7, 1907.

ACTION to recover the balance of an alleged unac-
counted-for collection made by defendants, who are attorneys
at law.   Defendants admitted the collection, and pleaded a
proper accounting therefor.   They also pleaded a counter-
claim and asked judgment for a small sum as a balance due.
Plaintiff replied, admitting part of the counterclaim and
denying other items.   By consent the case was tried to a
referee, who made his findings of fact and conclusions of law
recommending judgment for plaintiff in the sum of $273.30.
Exceptions were taken to the report by both parties, which
were overruled, and judgment was entered for plaintiff in the
sum reported by the referee, but all costs made subsequent to
May 11, 1903, were taxed to plaintiff.   Plaintiff appeals.—
*Affirmed.*

*Thos. F. Stevenson,* for appellant.

*Dudley & Coffin* and *Dowell & Parrish,* for appellees.

DEEMER, J.— The appeal challenges the ruling of the
trial court taxing part of the costs to plaintiff and the find-
ing of the referee and of the court that defendants were en-
titled to compensation for services rendered prior to January
24, 1898, and particularly for services rendered by defend-
ants upon the appeal to this court of a case entitled *Door v.
Alford,* 111 Iowa, 278.   The proposition as to costs we shall
dispose of after settling the other matters involved.

There is no doubt that defendants rendered the services
for which they made charges and which the referee allowed;
1. ATTORNEY AND   but plaintiff contends that these services were
CLIENT: lia-
bility for          not rendered for him but in one case for an
services.
attorney already employed by him, and in the case upon

appeal at the request of and for the benefit of other parties. We shall take the report of the referee as the basis for our conclusions, as it had the force and effect of the verdict of a jury and has sufficient testimony in its support; — dealing, of course, only with those items in dispute. It seems that plaintiff held or was interested in a large mortgage; the indebtedness being also secured by what is known as " time share contract." A Mr. Powell was employed to foreclose the mortgage, but not the time share contracts. When the time came for enforcing these time share contracts, Mr. Powell employed defendants to assist him therein, without any specific agreement with his client or with defendants as to compensation. Plaintiff was informed of this employment of defendants, expressed his satisfaction therewith, verified pleadings drawn by defendants as his attorneys, and accepted the results thereof without objection or protest. It may be that plaintiff understood that Powell was to do this work for a certain agreed compensation, but the referee expressly found that there was no such agreement, and he also found that plaintiff had knowledge of and accepted defendant's services. The case in this respect is clearly ruled by *McCrary v. Ruddick,* 33 Iowa, 521, and *Hudspeth v. Yetzer,* 78 Iowa, 11. The case differs very materially from *Ennis v. Hultz,* 46 Iowa, 76, relied upon by appellant, in that there was a special contract with the original attorney there, and the client had no information that the attorney had done more than taken a brother attorney into the case with him as an employé of the original attorney. The *Ennis* case in itself points out the distinction between the two cases, and the two cases are reviewed in *Hudspeth's* case, *supra.*

II. As to services in the case upon appeal. The arrangement for the appeal was made by plaintiff's sons. He (plaintiff) was almost immediately notified thereof, and

2. SAME.

plaintiff co-operated in the work upon the appeal, giving directions with reference thereto, and with knowledge accepting the benefits of the work done

upon the appeal. The appeal was successful and plaintiff accepted the benefits thereof. Surely defendants were entitled to compensation for services rendered in the case. *Lull v. Bank,* 110 Iowa, 537; *Eadie v. Ashbaugh,* 44 Iowa, 519.

III. The trial court taxed all costs made after the filing of defendants' answer and counterclaim to plaintiff, although he recovered judgment as above stated. Defendants con-

3. APPORTIONMENT OF COSTS. tend that as there was no issue upon plaintiff's cause of action, and nothing in dispute save as to the counterclaim interposed by them, and, as they were successful in establishing almost every item of the counterclaim, they were entitled to have the costs taxed to plaintiff and appellant herein. We are of the opinion that as defendants' account was made up of several distinct and separate items, upon most of which defendants were successful, the case was one for the apportionment of costs.

And our conclusion upon the whole matter is that plaintiff should have been ordered to pay four-fifths and defendants one-fifth of the costs of the trial, and as to the costs in this court the order will be the same. With this modification, the judgment will be *affirmed.*

BISHOP, J., taking no part.