SOUTHERN SURETY COMPANY, Appellant, v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Appellee.

PLEADING: Demurrer—Sustainable if Good on Any Ground. If a demurrer is good on any of the grounds presented, the court does not err in sustaining it.

MASTER AND SERVANT: Workmen's Compensation Act—Indemnity from Wrongdoer Other Than Employer. Where an employee has recovered full damages from the wrongdoer other than the employer, before payment of compensation, there can be no recovery by the insurer from the actual wrongdoer of the amount of compensation paid by the insurer to the injured employee, as the provision of Sec. 2477-m6, Code Supp., 1913, Workmen's Compensation Act, does not apply where the wrongdoer has made full reparation for the wrong, and there are no rights left to which the employer or insurer could be subrogated.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

OCTOBER 16, 1919.

ACTION to recover from a wrongdoer the amount paid by an insurance company for personal injuries sustained by an employee for which the employer became liable under the Workmen's Compensation Act. Demurrer to plaintiff's petition was sustained. Opinion states the facts. Plaintiff appeals.—*Affirmed.*

*Oliver, Harding, Oliver & Royal,* for appellant.

*Jepson & Struble,* for appellee.

GAYNOR, J.—On the 21st day of June, 1918, the plaintiff filed its petition in the district court, in which it alleges that, on the 8th day of March, 1916, one W. W. Whitney, then in the employ of Philip Bernard Company, was injured, while in the course of his employment; that the injury sustained by Whitney was caused by the negligence of the defendant herein; that thereafter, the said Whitney brought an action against this defendant, in which he recovered the sum of $2,300, and this sum was paid to Whitney by the defendant company; that, on or about March 1, 1916, and for some time prior thereto, this plaintiff had insured the Philip Bernard Company against any liability which might arise out of any injuries received by its employees in the course of their employment, and for which Philip Bernard Company would become liable, under the provisions of the Workmen's Compensation Act of 1913 and supplement thereto; that plaintiff, under this insurance obligation to Philip Bernard Company, paid to Whitney the sum of $572.33, in compensation for loss of time and the necessary medical expenses incurred by him, under the provisions of the Workmen's Compensation Act.

The plaintiff claims that the defendant company, which

was the wrongdoer and caused the injury, is now liable to this plaintiff, the insurer, for the money which it paid to Whitney under its insurance obligation, and it sets out and relies upon Section 2477-m6, Code Supplement, 1913, and prays judgment against the defendant for the amount paid.

The defendant appeared and demurred to plaintiff's petition on the following grounds:

·First. Because it appears from said petition that this action is brought to recover for personal injuries sustained by one W. W. Whitney on the 8th day of March, 1916, and the action was not begun until more than two years after said date, and said action is now barred by the statute of limitations.

Second. Because it appears from said petition that the plaintiff was surety for the Philip Bernard Company, the employer of Whitney, and its rights are determined by the Workmen's Compensation Act, as found in Section 2477-m6 of the Supplement of the Code of 1913. This section reads as follows:

"Where an employee coming under the provisions of this act receives an injury for which compensation is payable under this act and which injury was caused under circumstances creating a legal liability in some person other than the employer, to pay *damages* in respect thereof:

"(a) The employee or beneficiary may take proceedings both against that person to recover damages and against the employer for compensation, but the *amount of the compensation* to which he is entitled under this act shall be reduced *by the amount of damages recovered.*

"(b) If the employee or beneficiary in such case recovers compensation under this act, the employer by whom the compensation was paid or the party who has been called upon to pay the compensation, shall be entitled to indemnity from the person so liable to pay damages as aforesaid,

and *shall be subrogated* to the rights of the *employee* to recover therefor."

It further appears from said petition that Whitney proceeded against the defendant, the actual wrongdoer, and recovered the full amount of his damages from it, and for this reason the plaintiff cannot now recover anything of this defendant, but must recover from Whitney the amount of compensation alleged by it to have been paid to him.

Third. Because, under the facts disclosed in this petition, the plaintiff cannot now recover of this defendant any sum of money paid by it to Whitney, because of full payment made to Whitney of said claim, as disclosed by said petition, and it must, therefore, recover, if at all, from said Whitney.

This demurrer was sustained generally, and, the plaintiff electing to stand on its petition, and not to plead further, judgment was entered against the plaintiff for costs, and its petition dismissed. From this the plaintiff appeals.

The petition submitted to us is whether or not this demurrer is good on any of the grounds presented. If it is good on any of the grounds, the court did not err in sustaining it. It involves only the proper construction of Section 2477-m6 of the Workmen's Compensation Act. It is apparent from the statute that, when Whitney received his injuries, he was entitled to proceed against his employer under this act. He was entitled to receive from his employer the compensation which is provided for in the act. We must assume that the injury occurred under such circumstances that Whitney's employer was liable to him under the act. We must assume that the compensation paid to Whitney was paid in accordance with the act. The compensation which Whitney became entitled to from his

1. PLEADING: demurrer: sustainable if good on any ground.

2. MASTER AND SERVANT: Workmen's Compensation Act: indemnity from wrongdoer other than employer.

employer, or from this insurance company, rested upon a contractual obligation to pay for injuries received under the circumstances provided for in the statute. When an injury is received under circumstances rendering the employer liable to the injured party under the statute, nothing is left for the employer to do but to make compensation. This compensation is required to be made, though the employer is in no way negligent, and in no way liable at common law for damages. The compensation is purely statutory, and the amount of compensation is fixed by the statute. Its provisions are for the protection of the workingman, as between him and his employer, and in no way affects or controls the right of the injured party to proceed at common law against the actual wrongdoer. In an action at common law, the injured party is entitled to recover all that the common law recognizes as proper to be recovered in suits of that kind. This includes compensation for the injury, loss of time, medical care, and treatment, and all other injuries which are shown to flow as a proximate result of the wrong done. The fact that the injured party proceeded against his employer, and secured compensation under the act, cannot be pleaded by the wrongdoer when suit at common law is instituted against him. He is liable for the full amount of the damage, regardless of any rights the injured party has against his employer, or may have had under the act. Nowhere in the act does it say that the amount of recovery against the actual wrongdoer shall be diminished, in any degree, by the fact that the injured party has received, or may receive, compensation for some of the wrong, through his employer, under the act. The obligation of the wrongdoer is the same as if there were no Workmen's Compensation Act. Compensation is one thing, and damages another. He recovers from the wrongdoer all the damages that he sustained by reason of its wrongful act. He recovers only

such compensation from his employer as is provided for in the statute. The statute does not say that the amount which the wrongdoer is required to pay to the injured party shall be reduced by the amount of compensation paid under this act. It says that the amount of compensation shall be reduced by the amount recovered as damages at common law from the party that caused the injury.

Now let us see where we are at: The injured party brings an action, at common law, against the actual wrongdoer, and recovers for all the wrong, presumably, that he has suffered. This included compensation for medical services, for loss of time, and other matters provided for in the act; but his right to recover is not limited in amount by the provisions of the act as to any of these matters. The wrongdoer must discharge its entire obligation to the injured party, and pay him for his injuries, loss of time, medical and surgical treatment, and all matters which flow as a proximate result of its wrong. If it does this, the injured party is made whole. If this is done before any claim is made under the act, he has no claim for compensation. He has received compensation. If, before recovery from the wrongdoer, he has received compensation from his employer, he must return it. It is true the statute says that the employer, or person making the compensation, shall be indemnified from the person liable to pay damages. This indemnity may come through an action by the injured party against the wrongdoer for damages, or it may come through an action by the employer against the wrongdoer, under the right of subrogation. The employer may then recover all that his employee could recover. There is but one wrong, and there can be but one action. At the time this action was commenced, this defendant owed Whitney nothing. It had made full reparation for the wrong that it had done. There were no rights left Whitney against this company, to which this plaintiff or the employer could be subrogat-

ed. There was one action to recover for the wrong. There cannot be another. The wrong was indivisible, and the right to bring the action was vested in Whitney, and the right of plaintiff rested in subrogation to that. Whitney is not entitled to receive double compensation. Had the employer discharged his obligation to Whitney under the act, and it had been made to appear that this defendant was the negligent cause of the injury, then the employer, or the person who made the payment required by the act, would be subrogated to all Whitney's rights against the wrongdoer. It might have proceeded against the wrong. doer, and recovered the full amount which, at common law, was recoverable against the wrongdoer, just the same as Whitney could have done, and did. Out of this it could reimburse itself for the amount advanced. The sum thus received at common law, over and above the amount necessary to reimburse itself, would belong to Whitney, the injured party.

We need not proceed to consider the other questions raised by the demurrer. Defendant discharged its full obligation to Whitney. There was nothing to which Whitney's employer, or the insurance company, could be subrogated. Whitney had no rights left against this defendant, and there were none to which this plaintiff could be subrogated. For this reason alone, the action of the district court in sustaining the demurrer must be upheld.—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.