MAURICE P. CAHILL, Appellee, v. FRED MURRAY, Appellant, et al., Appellee.

**ATTORNEY AND CLIENT:** Compensation—Quantum Meruit. One who knowingly avails himself of the services of an attorney in his behalf must pay therefor.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

JUNE 22, 1923.

ACTION in equity, to recover compensation for services rendered by an attorney and to establish an attorney's lien on funds in the hands of the Cedar Rapids & Marion City Railway Company. The defendant Murray appeals. We treat the plaintiff as though he were the sole appellee.—*Affirmed.*

*George C. Claason,* for appellant.

*Crissman & Linville,* for appellee.

FAVILLE, J.—The appellee is an attorney at law, engaged in the practice of his profession at Cedar Rapids, Iowa. On or about the 17th of February, 1920, the appellant was injured by the railway company in an accident which was claimed to be the fault of the railway company. Very shortly after the accident, which took place in Cedar Rapids, the appellant was taken to a hospital in that city. That evening, the appellee called upon him. It is contended in behalf of the appellee that he went to the hospital in response to a telephone call from the appellant's wife. The appellee contends that at said time he was employed by the appellant as an attorney, to undertake to recover damages from the railway company for the injuries which appellant had sustained in said accident. Appellee claims that he immediately undertook such employment, and instituted an action to recover damages against the railway company, and performed services in preparing said case for trial. It appears from the record that, sometime afterward, the appellee called at the home of the appellant, and presented a written contract, providing for the payment of services of the appellee, which the appellant refused at said time to sign.

Appellee's action is based upon two counts, one alleging a contract, and the other a plea in *quantum meruit.* The trial court allowed the appellee damages in the sum of $495, and established and confirmed appellee's attorney's lien on funds in the hands of the railway company, in the amount of $366.50.

It is earnestly urged by the appellant that he did not enter

into any oral contract employing the appellee to render services for him, and he contends that, at the time of the making of the alleged oral contract, he was in such physical and mental condition that he was irresponsible, and incapable of entering into such contract, and that afterward, he refused to enter into a written contract employing the appellee.

As previously noted, the appellee's cause of action is pleaded in two counts: one on an express contract, and the other in *quantum meruit*. Even if appellant's contention is to be sustained, that there was insufficient evidence to establish appellee's claim that the parties entered into a contract, this would not defeat the right of the appellee to recover on his count on *quantum meruit*. The undisputed evidence in the case shows that the appellee did perform services in instituting an action against the railway company and in preparing to prosecute the same. It also shows that the appellant knew that the appellee had performed services of this character, and that, knowing such facts, he went to the office of the appellee and counseled with him relative to the settlement of the suit then pending, and had the appellee make an appointment for a consultation with counsel for the railway company, and in pursuance of said appointment, again went to the appellee's office, and accompanied him to the office of the attorney for the railway company, where the settlement was discussed, and later effectuated. There was ample evidence in the record to sustain the finding of the trial court in regard to the value of the services rendered by the appellee. The appellant knew of the services that the appellee rendered, and availed himself of the same in securing his settlement with the railway company. Appellee rendered the service. He should be paid.

The decree of the trial court is sustained by the record in the case. It is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.