[Civ. No. 15979.   First Dist., Div. Two.   Dec. 1, 1954.]

HERBERT F. QUISENBERRY, Appellant, v. ALICE EVA RULISON et al., Defendants; PACIFIC INDEMNITY COMPANY (a Corporation), Respondent.

·Barrett & Harkleroad and Healy & Walcom for Appellant.

Boyd, Taylor & Reynolds for Respondent.

DOOLING, J.—This is an appeal from an order made after final judgment denying the motion of appellant's attorneys for counsel fees to be paid out of the portion of the judgment awarded to the compensation carrier of appellant's employer pursuant to Labor Code, section 3856.

Plaintiff-appellant Quisenberry while in the course of his employment by Yellow Cab Company was injured by an automobile driven by defendant Rulison. On February 6, 1953, a verdict of $10,000 was awarded him for personal injuries against Rulison. Against this judgment respondent Pacific Indemnity Company had a lien of $2,690.31 for workmen's compensation payments made to appellant.

An employer, or his compensation carrier, has a claim against a tort feasor who injures an employee, for the amount of compensation paid to the employee as a result of such tortious injury. (Lab. Code, § 3852.) This claim may be asserted either by the employer or his compensation carrier bringing an independent action (Lab. Code, §§ 3852, 3854), joining in an action brought by the employee (Lab. Code, § 3853) or abstaining from suit and claiming a lien against the judgment recovered by the employee (Lab. Code, § 3856). (*Burum* v. *State Comp. Ins. Fund,* 30 Cal.2d 575, 580-581 [184 P.2d 505].)

In order to protect these rights Labor Code, section 3853, provides: "If either the employee or the employer brings an action against such third person, he shall forthwith give to the other written notice of the action, and of the name of the court in which the action is brought by personal service or registered mail. Proof of such service shall be filed in such action. If the action is brought by either the employer or employee, the other may, at any time before

trial on the facts, join as party plaintiff or shall consolidate his action, if brought independently." " 'Employer' includes insurer as defined in this division." (Lab. Code, § 3850, subd. (b).)

Thus the statutory duty was cast on appellant in this case to give written notice of the commencement of his action against Rulison to the compensation carrier. This admittedly was never done. Instead on the next to the last day of the trial counsel for the appellant telephoned to an employee of the carrier and asked him (quoting from the affidavit of J. K. Kirby, claims superintendent of the carrier, filed in opposition to the motion for attorney's fees) "to give him the total amount of expenditures made by the Pacific Indemnity Company in accordance with the terms of their Workmen's Compensation policy so that he could introduce the same in evidence in said case; that said telephone conversation . . . was the first notice that Pacific Indemnity Company had received that said case was in litigation or actually proceeding to trial . . ."

The affidavit further recites that on that day affiant requested the carrier's attorneys to file a notice of lien in this action which was done on the same day.

Labor Code, section 3856, provides, so far as material to the question here presented: "If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application shall allow, as a first lien against . . . any judgment . . . recovered by the employee, the amount of the employer's expenditures for compensation; provided . . . that where the employer has failed to join in said action and to be represented . . . by his own attorney, or . . . has not made arrangements with the employee's attorney to represent him in said action, the court shall fix a reasonable attorney's fee . . . to be paid to the employee's attorney. . . ."

■ The evident and only purpose of the requirement for the notice of commencing an action in Labor Code, section 3853, is to enable the employer or his compensation carrier to make his choice whether to join in the action and employ his own attorneys or to permit the employee through his attorneys to proceed without the employer or carrier intervening. Where the notice is not given in time for him to exercise this election it would be manifestly unfair, and an unreasonable construction of section 3856, to require him to pay an attorney's fee to the employee's attorneys. The fee is not payable unless he

"has failed to join in said action and to be represented therein by his own attorney"; and section 3853 puts the duty on the employee to give him timely notice of the pendency of the action so that he may do this if he sees fit. Under section 3853 he can intervene "at any time before trial on the facts."

We must assume in favor of the court's order denying counsel fees that it believed the statement in the affidavit opposing the motion that it was only after the case was actually on trial that the carrier received the first notice "that said case was in litigation or actually proceeding to trial." This was too late, since it was not "before trial on the facts," for the carrier to intervene or employ its own attorney for that purpose.

Appellant relies on three letters from the compensation carrier to appellant's attorneys to show that the carrier had actual notice of the pendency of the action in plenty of time to intervene if it saw fit. In the first of these letters the carrier advised the attorneys that they were the insurers carrying workmen's compensation for Yellow Cab Company, that they had paid compensation to appellant Quisenberry, that they would expect reimbursement from any settlement by Rulison with Quisenberry and "(i)n the event of litigation" requesting "Statutory Notice under the Labor Code, section 3853 in ample time to permit referral . . . to our subrogation attorneys to represent our interests."

The second letter states: "It is our understanding that you contemplate taking, or have already taken, action on behalf of your client." It suggested that if counsel preferred they would not intervene in any such action if counsel would agree not to deduct any amount for their attorneys' fees from the carrier's share of any settlement or judgment. In the third letter the carrier referred to the second and asked for an answer to its proposal therein made.

There is nothing necessarily in conflict in any of these letters with the statement in the affidavit above quoted that the telephone call during the course of trial "was the first notice that Pacific Indemnity Company had received that said case was in litigation and actually proceeding to trial."

It was for the trial court to construe the evidence and any reasonable construction of the effect of the evidence which will support the order is binding on us.

Order affirmed.

Nourse, P. J., and Kaufman, J., concurred.