ELDON TUCKER, appellant, v. HAROLD E. NASON, JR., et al., defendants; NEWARK INSURANCE COMPANY, lien claimant-appellee.

No. 49357.

(Reported in 87 N.W.2d 547)

JANUARY 14, 1958.

Gill & Dunkle and Whicher & Davis, all of Sioux City, for plaintiff-appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for lien claimant-appellee.

PETERSON, C. J.—On January 27, 1956, Eldon Tucker, while working for Sioux City Bottling Works, delivered an order of soft drinks at one of the stores of Tolerton & Warfield in Sioux City. The entrance to the rear of the store for delivery purposes was a slanting concrete ramp. Tucker stepped on a lettuce leaf while carrying a load of merchandise down the ramp and fell. He was seriously injured. He sued Tolerton & Warfield, and the jury returned a verdict in his favor for $18,000. The judgment rendered on the verdict has been affirmed by this court.

Newark Insurance Company was the Workmen's Compensation carrier for Sioux City Bottling Works and paid plaintiff $5138.94 for hospital and medical expense, loss of time, and settlement for 20% permanent disability.

In accordance with section 85.22, 1954 Code, Newark Insurance Company filed notice of lien in the action against Tolerton & Warfield as to amount paid Tucker.

After his injury plaintiff retained attorneys to assist him in connection with his workmen's compensation claim and to prosecute an action for damages against the third-party tortfeasor. As to the damage suit there was a written agreement between plaintiff and his attorneys for a contingent fee of one third.

Plaintiff and his attorneys filed resistance to application for distribution of proceeds of judgment, claiming that in such distribution there should be allocated and paid to plaintiff one third of $5138.94 on account of attorney fees paid by him in securing the judgment against Tolerton & Warfield.

The trial court decided that under Workmen's Compensation Act there was no basis for deduction of attorney fees, and the carrier was entitled to full amount paid plaintiff. Plaintiff appealed.

The only error assigned is that the court should have allocated one third of amount of compensation payment to plaintiff.

Section 85.22 provides: Subsection (1) "If compensation is paid the employee * * * the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages *to the extent of the payment so made,*

with legal interest, and shall have a lien on the claim for such recovery and the judgment thereon * * *." Subsection (2) "In case the employee fails to bring such action within ninety days * * * then the employer or his insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might. * * *." (Emphasis ours.)

The section further provides: "* * * the court shall enter judgment for distribution of the proceeds thereof as follows:

"a. A sum sufficient to repay the employer for the amount of compensation *actually paid by him* to that time. [Emphasis ours.]

"b. A sum sufficient to pay the employer the present worth computed on a six percent basis of the future payments of compensation for which he is liable * * *.

"c. The balance, if any, shall be paid over to the employee."

■ Appellant's argument is based on two grounds. The first is that we have held on several occasions the Workmen's Compensation Act must be given a broad and liberal construction in favor of the employee. As a general principle this is correct. However, we have never liberalized the statute sufficiently to add a new provision and a different meaning to the Act.

■ The other contention is that if an attorney renders services in recovering or preserving a fund in which a number of persons are interested he may be allowed compensation out of the whole fund. As a general principle of law we have so held in State ex rel. Weede v. Bechtel, 244 Iowa 785, 56 N.W.2d 173; Lovrien v. Fitzgerald, 245 Iowa 1325, 66 N.W.2d 458. The theory of law as outlined in cited and similar cases is correct. However, these cases are based on general legal principles, and not on a specific remedy created by statute, such as Workmen's Compensation Act. Since there is no basis in the Act for appellant's contention, this theory is not applicable to the case at bar.

I. We have given direct consideration to the question involved in this case in one previous case, and incidental consideration in another case. Roessler v. Chain Grocery & Meat Co.

(not officially reported), 196 N.W. 1020; Southern Surety Co. v. Chicago, St. P., M. & O. Ry. Co., 187 Iowa 357, 174 N.W. 329.

The Roessler case concerns a butcher who was working at his meat counter when the building collapsed, causing his death. Administrator of his estate sued the owner of the building and recovered $3000. In above cited case Mrs. Roessler and a stepson filed claim with Workmen's Compensation Commissioner for $3000, representing the maximum compensation for three hundred weeks at ten dollars per week. On appeal from Commissioner to District Court the court held claimant was not entitled to recover compensation because the administrator of estate of deceased had recovered an amount equal to the compensation. The analogy with the case at bar appears on appeal where appellants claim some expenses such as attorney fees, etc., were deducted from the $3000 recovery, and they were entitled to recover these items from employer or compensation carrier. This court affirmed the District Court and held that since the statute provided "* * * the compensation * * * shall be reduced by the amount of damages recovered" the full amount of $3000 recovered should be considered as offsetting the $3000 of compensation. Appellant contends that in view of the changes in Workmen's Compensation Act since 1924, when this case was decided, the case does not form a precedent for the case at bar. The intervening amendments have adopted a new wording, but make no change as to the legal question involved in this case. The original Act, section 2477-m6(a), Code Supplement, 1913, provides: "* * * the amount of the compensation to which he is entitled under this act shall be *reduced by the amount of damages recovered.*" Chapter 85.22(1), 1954 Code, provides: "If compensation is paid the employee * * * the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the *recovery of damages to the extent of the payment so made* * * *." (Emphasis ours.)

Southern Surety Co. v. Chicago, St. P., M. & O. Ry. Co., supra, was an action by the compensation carrier against third-party tort-feasor for recovery of $572.33 paid by plaintiff to Whitney, the employee. Whitney had previously sued the railroad company and secured judgment for $2300. The trial court sustained demurrer, and this court affirmed, holding that since

Whitney had recovered from the railroad company the surety company was not entitled to recover from the same company. Somewhat incidentally, but expressing the same theory as involved herein, the court said at page 363 of 187 Iowa, page 330 of 174 N.W.:

"Whitney is not entitled to receive double compensation. Had the employer discharged his obligation to Whitney under the act, and it had been made to appear that this defendant was the negligent cause of the injury, then the employer, or the person who made the payment required by the act, would be subrogated to all Whitney's rights against the wrongdoer. It might have proceeded against the wrongdoer and recovered the full amount, which, at common law, was recoverable against the wrongdoer, just the same as Whitney could have done, and did. Out of this it could reimburse itself *for the amount advanced.* The sum thus received at common law, *over and above the amount necessary to reimburse itself,* would belong to Whitney, the injured party." (Emphasis ours.)

Appellant's position is, in its effect, that by judicial pronouncement we should add to the statutory indemnifying provision the words "less attorneys fees incurred by employee." In case of ambiguity in legislative enactments we can interpret the statute. If the meaning is clear, however, we cannot add new words, nor additional meaning. 50 Am. Jur., Statutes, sections 219, 228; 82 C. J. S., Statutes, section 312; Kistner v. Iowa State Board of Assessment and Review, 225 Iowa 404, 280 N.W. 587; Case v. Olson, 234 Iowa 869, 14 N.W.2d 717; In re Guardianship of Wiley, 239 Iowa 1225, 34 N.W.2d 593.

50 Am. Jur., Statutes, section 219, states: " 'To declare what the law is, or has been, is a judicial power; to declare what the law shall be is legislative'." Section 228 states: "As a result of constitutional provisions distributing the powers of government among three departments, the legislative, executive, and judicial, courts have no legislative authority, and should avoid judicial legislation, a usurpation of legislative powers, or an entry into the legislative field."

82 C. J. S., supra, states: "The courts must confine them-

selves to the construction of the law as it is, and not attempt to * * * change the law under the guise of construction."

Kistner v. Iowa State Board of Assessment & Review, supra, involves the question of sales tax with reference to sale of personal property. In an interpretation of the sales tax statute we said (page 414 of 225 Iowa): "He must look to the legislature for the relief he desires; the court can only construe the law as it finds it. It does not make the laws." In Case v. Olson, supra, page 872 of 234 Iowa, we made this significant statement: "The courts confine themselves to the construction of the law as it is, not to amend or change under the guise of construction." The question of construction of a statute was considered in In re Guardianship of Wiley, supra, where we said (page 1228 of 239 Iowa): "* * * we have no power to read the italicized language out of the statute *nor to add thereto*." (Emphasis ours.)

■ In the instant case the claim made by appellant can only be sustained by addition of a clause to present statute, as heretofore outlined. Any change in connection with this principle must come from the legislature. We cannot grant it in the form of judicial construction.

II. The weight of authority in other jurisdictions is against the contention of appellant. In a few states the legislature has added the provision that expenses of the employee when he sues a third-party tort-feasor, including attorney fees, may be deducted. In some states, prior to statutory change, and in many states which have no such legislative provision and where the Workmen's Compensation Act is substantially the same as in Iowa, the courts have held the employer or carrier is entitled to full amount of compensation paid, without deduction of attorney fees. Curtin v. City of New York, 287 N. Y. 338, 39 N.E.2d 903, 142 A. L. R. 166; Quisenberry v. Rulison, 129 Cal. App.2d 268, 277 P.2d 57; Ocean S. S. Co. of Savannah v. Lumbermen's Mut. Cas. Co., 2 Cir., N. Y., 125 F.2d 925; Kabel v. Lane Engineering Co., 196 App. Div. 669, 187 N. Y. S. 833 (before statute amended); Deuchar v. Standard Acc. Ins. Co., 117 N. J. L. 375, 189 A. 61 (before change in statute); Keating v. Periodical Pub. Ser. Bur., 56 Ga. App. 62, 192 S.E. 80; Branch & Howard v. Georgia Casualty Co., 39 Ga. App. 319,

147 S.E. 144; Copeland v. Martin Metal Mfg. Co., 141 Kan. 725, 42 P.2d 982; Napier v. John P. Gorman Coal Co., 242 Ky. 127, 45 S.W.2d 1064; Western U. Tel. Co. v. George, 239 Ala. 80, 194 So. 183.

In Curtin v. City of New York, supra, the following statement appears in the preliminary synopsis in connection with deduction of attorneys fees before and after the statute was amended: "* * * meaning the amount of the recovery less expenditures and attorneys' fees, although, prior to the amendment, the term had uniformly been construed as meaning the entire amount of the recovery, without any deduction for expenditures or attorneys' fees."

In Ocean S. S. Co. of Savannah v. Lumbermen's Mut. Cas. Co., supra, the employee was paid $5030.88. The United States District Court allowed $1257.72 attorney fees to be deducted. The case was reversed and full amount ordered paid.

In Branch & Howard v. Georgia Casualty Co., supra, the court held the person paying the compensation was entitled to collect out of the judgment in the tort action the full amount of the compensation paid, without deduction therefrom of any amount to be applied toward the satisfaction of the attorney's lien for fees.

In Copeland v. Martin Metal Mfg. Co., supra, the court held the employer was entitled to credit, on compensation payable in proceedings brought therefor, for the entire amount of the judgment rather than the net amount received by the employee after deducting attorney fees.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., who takes no part.