**BROADLAWNS POLK COUNTY HOSPITAL ex rel. Ray A. FENTON, Polk County Attorney, Appellee,**

v.

**ESTATE of Harvey MAJOR, Frances Major, Administrator, and Joseph B. Joyce, Attorney, Appellants.**

No. 2–61368.

Supreme Court of Iowa.

Nov. 22, 1978.

Rehearing Denied Jan. 19, 1979.

Joseph B. Joyce, Des Moines, for appellants.

Dan L. Johnston, Polk County Atty., and E. LaVon French, Asst. Polk County Atty., for appellee.

Considered by REES, P. J., and UHLEN-HOPP, HARRIS, ALLBEE and LARSON, JJ.

ALLBEE, Justice.

Harvey Major was taken to Broadlawns Polk County Hospital after being injured in an automobile accident. There he died on November 15, 1974. On November 18, the

hospital filed a lien for $17,563.09, the amount of its claim for medical services, on all causes of action in favor of Major's estate. Thereafter, defendant administrator engaged defendant Joseph B. Joyce as attorney for the estate, to pursue the wrongful death claim arising from the accident. Joyce agreed to prosecute the action for a one-third contingent fee. The case was settled for $85,000. Insurance companies for the defendants in the wrongful death action submitted payment in the form of three checks: one for $5000 to the administrator and Joyce, a second for $62,436.91, also payable to the administrator and Joyce, and a third for $17,563.09, the amount of the lien, payable to the hospital, the administrator and Joyce. Joyce refused to endorse the third check, claiming that the hospital was liable for a proportionate share of his fees, that is, one third of the $17,563.09, or $5854.36. The hospital then brought this action for declaratory judgment to obtain a determination of the various parties' rights in the third check. The administrator and Joyce were named as defendants. The principal issue was whether the hospital was obligated to compensate Joyce because it was paid from the wrongful death damages collected through his services. Trial court held that Joyce had a claim to one third of the entire settlement proceeds but rejected his claim of one third of the amount due the hospital. Defendants then perfected this appeal. We consider their three arguments in the order briefed, and affirm.

■ I. The first contention is that the hospital's only remedy was against the insurance company and that this action for declaratory judgment was barred by § 582.3, The Code.[1] That section applies only if the insurance company fails to pay the hospital "the amount of its lien. . . ." Because a check made payable to multiple payees constitutes payment, *Central Ready Mix v. Ruhlin Const. Co.*, 258 Iowa 500, 505, 189 N.W.2d 444, 447 (1966), the third check was payment to the hospital for the amount of its lien. Therefore § 582.3 cannot apply. In any event, § 582.3 does not relieve the estate of its liability to the hospital. Therefore, the hospital would not be limited to a claim against the insurance company.

■ II. Defendants' second argument is that the hospital's claim is barred by § 633.410, The Code, which bars claims against an estate unless made within six months of the second publication of notice to creditors. They argue that § 633.414, which provides that § 633.410 does not affect liens, does not save the hospital's lien in this matter because the hospital's cause of action was against the insurance company, rather than the estate. This argument depends upon their first contention, and fails with that contention. The hospital's claim was against the estate, not the insurance company. The insurance company had discharged its duties under § 582.3. Section 582.1 made the claim a lien and § 633.414 protected it from termination by § 633.410.

In addition, defendants failed to show when the second notice to creditors was given. Consequently it is impossible to tell whether the claim was made within the six-month period which § 633.410 specifies.

■ III. Finally, for their principal complaint, defendants insist that a failure to assess a portion of the attorney's fees against the hospital would result in the

1. 582.3 Duration and enforcement of lien. Any person or persons, firm or firms, corporation or corporations, including an insurance carrier, making any payment to such patient or to his attorneys or heirs or legal representatives as compensation for the injury sustained, after the filing and mailing of such notice without paying to such hospital the amount of its lien or so much thereof as can be satisfied out of the moneys due under any final judgment or compromise or settlement agreement, after paying the amount of any prior liens, shall, for a period of one year from the date of payment to such patient or his heirs, attorneys, or legal representatives, as aforesaid, be and remain liable to such hospital for the amount which such hospital was entitled to receive as aforesaid; any such association, corporation, or other institution maintaining such hospital may, within such period, enforce its lien by a suit at law against such person or persons, firm or firms, corporation or corporations making any such payment.

unjust enrichment of the hospital, at the expense of defendants.[2] Ordinarily, an attorney may recover only for services rendered pursuant to an express or implied contract. *In re Estate of Lear*, 204 Iowa 346, 354, 213 N.W. 240, 244 (1927); *Baron v. Peter*, 286 So.2d 480 (La.Ct.App.1973); *cf. Kurtenbach v. TeKippe*, 260 N.W.2d 53, 56 (Iowa 1977) ("An attorney-client relationship ordinarily rests on contract, but it is not necessary that the contract be express or that a retainer be requested or paid. The contract may be implied from conduct of the parties.") The distinction between express contracts, contracts implied in fact, and unjust enrichment, which depends on contracts implied in law, was discussed in another context in *Guldberg v. Greenfield*, 259 Iowa 873, 878, 146 N.W.2d 298, 301 (1966). There has been considerable reluctance to allow recovery of attorney's fees on an unjust enrichment theory. Neither *Orwig v. Chicago, R.I.&P.Ry. Co.*, 217 Iowa 521, 250 N.W. 148 (1933) nor *Foster & Foster v. County of Clinton*, 51 Iowa 541, 2 N.W. 207 (1879), which both appear otherwise appropriate for an unjust enrichment theory, discuss the possibility of such a recovery. *Orwig* involved a claim by an attorney who had defended the railroad in patent litigation. Orwig's claim was denied because the individual who had hired him had no authority to do so. *Foster & Foster* also involved attorneys who had been hired by one who had no such authority. They, instead of the county attorney, had prosecuted certain liquor violations, but were not compensated for their services. *See also Turner v. Meyers*, 23 Iowa 391 (1867). *But see McCrary v. Ruddick*, 33 Iowa 521 (1871). Cases allowing recovery depend upon acts by the client which allow the court to find a contract implied in fact. *See Cahill v. Murray*, 196 Iowa 33, 194 N.W. 61 (1923); *Dorr v. Dudley & Coffin*, 135 Iowa 20, 112 N.W. 203 (1907). There is no evidence of any contact between the hospital and defendant attorney out of which a contract could be implied in fact. *See also Baron v. Peter*, 286 So.2d 480, 483 (La.Ct.App.1973).

Nor does the rule of *Kirkpatrick v. Patterson*, 172 N.W.2d 259 (Iowa 1969), upon which defendants rely, apply to this case. *Kirkpatrick* arose out of a third-party action brought by an employee who had received worker's compensation for his injuries. This court construed the language of § 85.22(1), The Code, to hold that the intervening insurance carrier was liable for reasonable fees to be paid to the employee's attorney. *See also Broussard, Broussard and Moresi, Ltd. v. State Auto. Cas. Co.*, 287 So.2d 544 (La.Ct.App.1973), *writ refused* 290 So.2d 908 (1974). The *Kirkpatrick* case has no application to the instant situation because here we have no specific statutory provision for attorney's fees. *Cf. Tucker v. Nason*, 249 Iowa 496, 87 N.W.2d 547 (1958) (construing § 85.22, The Code, as it stood before the provision for employer's paying reasonable fees to the employee's attorney was added, to refuse to charge the employer with such fees).

Rather, this case is governed by the general rule that "[t]here is no implied promise to pay an attorney whom one has not employed, because of incidental benefits derived from his services. *Grimball v. Cruse*, 70 Ala. 534, 544; *Roselius v. Delechaise*, 5 La.Ann. 481." *Lamar v. Hall & Wimberley*, 129 F. 79, 84 (5th Cir. 1904). *See generally* 7 C.J.S. Attorney & Client § 175, at p. 1041, n. 97 (1937 & Supp.1978). There are, of course, exceptions to this rule. One is illustrated by *Kirkpatrick*, which has been discussed. Another is the fund theory, by which an attorney is allowed to assess a fee against a fund which his or her services have recovered or preserved and in which a number of people are interested. *See, e. g., Tucker v. Nason*, 249 Iowa 496, 499, 87 N.W.2d 547, 548 (1958); *State ex rel. Weede v. Bechtel*, 244 Iowa 785, 833–5, 56 N.W.2d 173, 201–2 (1952); *Ontjes v. MacNider*, 234 Iowa 208, 12 N.W.2d 284 (1943). *See also Caughman v. Caughman*, 247 S.C. 104, 110, 146 S.E.2d 93, 95–6 (1965); *Petition of*

---

**2.** This is not a case which requires us to determine priorities between the hospital's lien and that of the attorney, because the settlement fund available here was adequate to pay both claims in full.

*Crum,* 196 S.C. 528, 531–2, 14 S.E.2d 21, 23 (1941). That theory does not apply here because the hospital and the administrator do not stand on equal bases as claimants against the fund. Rather, the hospital's claim to the fund arose only because the hospital was the decedent's, and thus his estate's, creditor.

■ Our conclusion that this case should be decided under the general rule, that no implied promise has arisen, rather than an exception, is reinforced by two other considerations. The first is the resolution of a nearly identical problem by the Supreme Court of Montana in *Nichols v. Sisters of Charity,* 483 P.2d 279 (Mont.1971). That court held that the hospital was a stranger to the estate's attorney's employment contract and was, therefore, not obligated to pay the attorney for his services.

The second confirming consideration is an analysis of the estate's position in this contest. The hospital bill of $17,563.09 was a debt of the decedent which became a liability of his estate. The attorney's fee of one third of $85,000 was also a liability of the estate. The attorney's primary service was to the estate, in enabling it to more easily meet its debt to the hospital. Moreover, if the hospital is required to pay the estate's attorney the estate will have paid $5854.36 less than its total liability from these claims. The result would be the unjust enrichment of the estate at the hospital's expense.

AFFIRMED.