In re the MARRIAGE OF Todd L. MEADOWS and Judith I. Meadows.

Upon the Petition of Todd L. Meadows, Petitioner,

And Concerning Judith I. Meadows n/k/a Judith I. West, Appellee,

State of Iowa, Appellant.

No. 91–1669.

Supreme Court of Iowa.

Nov. 25, 1992.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Special Asst. Atty. Gen., Jeffrey D. Farrell, Asst. Atty. Gen., for appellant.

A.W. Tauke of Porter & Tauke, Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SNELL, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

This case involves the award of an attorney fee for the collection of delinquent child support, a portion of which was owed to respondent, Judith Meadows, and the rest owed to the State of Iowa.

The State appeals a district court order that required the State to pay a portion of respondent's private attorney fees for services in accomplishing a mandatory income assignment of the social security benefits of the obligor, Todd Meadows. The assignment benefited the State as well as Judith. We reverse.

*I. Background facts and proceedings.* Todd and Judith Meadows, now known as Judith West, were married in 1975. Thereafter, they had two children.

In 1980, Todd and Judith obtained a divorce. Beginning that March, Todd was ordered to pay child support for the two children totaling $250 per month.

Todd's child support obligation ended on June 27, 1985, when his parental rights were terminated and Judith's new husband adopted the children. At that time, Todd was substantially delinquent in his payments. He should have paid $15,570. Judith had assigned $9,250 of the delinquent child support to the State when she was receiving Aid to Dependent Children bene-

fits during the early 1980s, leaving a balance of approximately $6,300 owed to Judith.

From 1985 through 1989, Todd paid very little money to reduce the amount of his delinquent payments. During this time, Judith relied on the Child Support Recovery Unit of the State to collect the money; however, these collection efforts were mostly unsuccessful. Judith then hired a private attorney, A.W. Tauke, to collect her share of the money.

In 1990 Judith discovered that Todd was receiving social security disability benefits. Through attorney Tauke's help, Judith obtained an income assignment of Todd's social security benefits pursuant to Iowa Code section 252D.1(2) (1989). She began receiving these benefits in July 1990. Attorney Tauke gave no notice to the State that he was taking this action.

With this assignment, the past due child support owed to Judith was expected to be paid by December 1991. At that time, the income assignment continued by operation of law and began to apply to the delinquency owed to the State. *See* Iowa Code § 252D.1(2) (1991).

On September 5, 1991, Judith filed an application which included a request that the district court order the State to pay her private attorney fees arising from the benefit Tauke provided the State in obtaining the income assignment. The State resisted the application. After hearing, the district court ordered the State to pay attorney Tauke ten percent of its $9,250 balance of Todd's delinquent support payments which is collected through the mandatory income withholding initiated by Judith.

The State appealed, contending the district court had no authority to order the State to pay attorney fees to Judith under this record.

■ *II. Authority to order payment of attorney fees.* The general rule is that an attorney may ordinarily recover fees only for services the attorney rendered to a client pursuant to an express or implied contract. *Broadlawns Polk County Hospital ex rel. Fenton v. Estate of Major,*

271 N.W.2d 714, 716 (Iowa 1978); *In re Estate of Lear,* 204 Iowa 346, 354, 213 N.W. 240, 244 (1927); 7 Am.Jur.2d *Attorneys at Law* §§ 237, 238, at 277–78 (1980). It then follows that a third party who incidentally benefited from the attorney's services, but who did not employ the attorney, has no obligation to pay the attorney's fees; the third party is not obligated to pay fees because there is no implied contract between the third party and the attorney. *Broadlawns,* 271 N.W.2d at 716; 7 Am. Jur.2d *Attorneys at Law* § 238, at 277.

There are, however, two exceptions to this general rule. The first exception is that a third party may be obligated to pay attorney fees, absent an implied contract to do so, where a statute specifically authorizes such fees. *Severson v. Peterson,* 364 N.W.2d 212, 214 (Iowa 1985); *Broadlawns,* 271 N.W.2d at 716; *see, e.g., Kirkpatrick v. Patterson,* 172 N.W.2d 259 (Iowa 1969) (employer's intervening insurance carrier liable for reasonable attorney fees under Iowa Code section 85.22(1) where employee, who had previously received worker's compensation benefits, sued third party tortfeasor).

■ The second exception is known as the fund theory, under which "an attorney is allowed to assess a fee against a fund which his or her services have recovered or preserved and in which a number of people are interested." *Broadlawns,* 271 N.W.2d at 716. *See also Tucker v. Nason,* 249 Iowa 496, 499, 87 N.W.2d 547, 548 (1958). For an attorney to recover fees under the fund theory, the fund must have been created or brought into being *"solely* by the efforts and steps taken by the attorney," *State Farm Mutual Automobile Insurance Co. v. Geline,* 48 Wis.2d 290, 179 N.W.2d 815, 821 (1970) (emphasis added); and notice must be given to the holder of subrogated interests that an action has been commenced and that, if the holder elects not to join the action, the court will be requested to charge the holder reasonable attorney fees for the service of collecting its subrogated interest. *Id.*

■ *A. Statutory authority.* The first exception does not apply in this case be-

cause Iowa has no relevant statute authorizing payment of attorney fees by one who has not employed an attorney but has nonetheless received incidental benefit from the attorney's services.

The only possibly applicable statute is Iowa Code section 252B.7(3) which states that the Child Support Recovery Unit "may *contract* with" private attorneys to collect support payments and "may [then] pay reasonable compensation and · expenses" to those attorneys for such services. Iowa Code § 252B.7(3) (emphasis added). We conclude that attorney fees under section 252B.7(3) are only contemplated within the confines of a contractual agreement. Because the record in this case shows no contract, or even contact, between the State and attorney Tauke before Tauke obtained the income assignment, the State is not obligated to pay Tauke's fees under section 252B.7(3) or under any other statute.

 *B. Fund theory.* The elements for the second exception are likewise not fulfilled in this case. First, the delinquent payments were already owed to Judith and to the State when Judith hired attorney Tauke. Because the debt already existed, Tauke did not create or bring into being any "fund" or obligation which did not already exist. Therefore, the first element of the fund exception is not fulfilled here.

The second element, notice, is similarly not fulfilled in this case. Judith should have notified the State of her claim for assignment of Todd's social security benefits when she asserted it. *See State Farm Mut. Auto. Ins. Co.,* 179 N.W.2d at 821. However, Judith failed to notify the State of her claim and that she intended also to act for the benefit of the State. It appears the first time the State had notice of the action was when Judith filed her application to the district court on September 5, 1991, asking the court to order the State to pay a portion of attorney Tauke's fees. This was after the income benefits assignment had been obtained.

The notice requirement is further unfulfilled in that Judith never informed the State she would request the court to order

the State to pay attorney fees if it elected not to join her action. *See id.* Therefore, the second element of the fund theory also is not fulfilled.

*III. Disposition.* We conclude the State is not required to pay any part of Judith's attorney fees as ordered by the district court because 1) no relevant statute requires the State as a third party incidental beneficiary of Tauke's services to pay attorney fees, 2) Tauke did not create a fund solely through his efforts, and 3) Judith did not give notice to the State of her claim and that she also was acting on behalf of the State. The court had no authority for its order.

Therefore, we reverse the district court order requiring the State to pay attorney fees to Judith or her attorney on its balance of delinquent support payments. The case is remanded for entry of judgment in conformity with this opinion.

REVERSED AND REMANDED.